Valley Forge Golf Club, Appellant, *v.* Upper Merion Township.

Argued May 24, 1966. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Desmond J. McTighe,* with him *Philip D. Weiss,* and *Duffy, McTighe & McElhone,* for appellant.

*James E. Meneses,* with him *Gregory J. Dean,* for appellee.

Opinion by Mr. Justice Cohen, June 27, 1966:

This is an appeal from the dismissal by the lower court of plaintiff's petition seeking a preliminary injunction against defendant township to restrain it from condemning plaintiff's real estate. Plaintiff, a private golf club, had previously filed a complaint in equity seeking a permanent injunction, to which defendant filed preliminary objections challenging the jurisdiction of the equity court on the ground, inter alia, that plaintiff had a fair and adequate statutory remedy pursuant to the Eminent Domain Code, Act of June 22, 1964, P. L. 84, §101 et seq., 26 P.S. §1-101 et seq. (Supp. 1965).

Plaintiff contends that equity has jurisdiction to enjoin the planned condemnation of its real estate because the remedy afforded by the Eminent Domain Code of 1964 is inadequate under the circumstances, inasmuch as when plaintiff loses possession of its club it will have been put out of business since its business is the type that cannot be relocated. We do not agree.

Section 303 of the Code states that, with certain exceptions not here pertinent, the act is intended "to provide a complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages therefor. . . ." Thus it is clear that the legislature did not contemplate resort to the equity courts by either condemnor or condemnee in matters of the kind presently before us. Equity has been completely displaced as the forum for condemnation matters by the procedures established by the Eminent Domain Code, pursuant to which (1) the courts of common pleas are given exclusive jurisdiction (§401); (2) the condemnor must file a declaration of taking, with sufficient security (§§402,

403); (3) the condemnor must give notice of the condemnation to the local recorder of deeds and to the condemnee (§§404, 405); (4) and the condemnee may file preliminary objections to the declaration of taking, which are declared by statute to be the exclusive method of challenging the condemnation proceedings (§406). We have recently observed that after enactment of an ordinance authorizing the taking of property a condemnee may not challenge the validity of the condemnation by a suit in equity inasmuch as the legislature has provided the exclusive remedy or procedure which alone must be pursued. *Faranda Appeal,* 420 Pa. 295, 216 A. 2d 769 (1966); *Mahan v. Lower Merion Township,* 418 Pa. 558, 212 A. 2d 217 (1965). See *Cunfer v. Carbon Airport Authority,* 414 Pa. 408, 200 A. 2d 768 (1964); *Schwab v. Pottstown Borough,* 407 Pa. 531, 180 A. 2d 921 (1962). In the present matter, no declaration of taking had been filed when plaintiff began its suit in equity, although several weeks thereafter defendant's board of supervisors enacted an ordinance authorizing the filing of such a declaration. We see no valid distinction between this situation and a case in which the condemnatory action of the local legislative body has been manifested prior to suit such as would allow the circumvention of legislatively established eminent domain proceedings by means of a suit in equity. Indeed, the Eminent Domain Code of 1964 establishes procedures which protect and safeguard the rights of the condemnee to the same extent as would a proceeding in equity. Our opinion in *Faranda Appeal,* supra, evidences that much, for there we vacated the lower court's order dismissing the condemnee's preliminary objection that the condemned area was not blighted and remanded the case with directions that testimony be taken on the question of whether or not the area was in fact blighted. We would have done no more had the case come before us in equity.

Furthermore, in *Faranda* we permitted an appeal from an order dismissing condemnee's preliminary objections under §406(a) because, in our view, such an order is final since it finally resolves, to the satisfaction of the lower court, the question of the validity of the taking, which proceeding we regard as separate and distinct from the proceedings established in the Code for the determination of damages in condemnation cases. Hence, a condemnation case involves two proceedings—the first to determine the propriety of the taking, the second to determine damages recoverable by the condemnee. Each is an appealable determination with which an aggrieved condemnee may take issue before the appropriate appellate court.

We are satisfied that the Eminent Domain Code fully protects the rights of the property owner and guarantees to him the constitutional safeguards to which he is entitled, including appropriate appellate review. Since the legislature has provided under the Code the exclusive proceedings in eminent domain cases, no remedy in equity is available to an injured property owner.

Decree affirmed. Costs on appellant.

Mr. Chief Justice BELL concurs in the result.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

While I am in agreement that plaintiff's attempt to invoke the jurisdiction of equity was properly dismissed by the court below, I reach that conclusion on a different basis than the majority and, thus, am compelled to concur in the result.

The record in the instant case discloses that no declaration of taking has been filed by the defendant-township. All that has occurred to date have been negotiations between the parties respecting the sale of the property in question to the defendant-township and a public expression by the latter of an intention to

resort to condemnation in the event that a sale cannot be effected.

Thus, plaintiff is really complaining about the fact that defendant is considering condemnation, claiming that this in itself is sufficient to cause a present dislocation of its business. In my view, no present injury has been sustained by plaintiff and he may not anticipate the township and seek to litigate the validity of a taking which has not yet taken place. Therefore, the present suit is premature and plaintiff has no ground for invoking the jurisdiction of equity at this juncture. Accordingly, the suit was properly dismissed by the court below.

However, in light of the majority's discussion of the issue of possession under the Code, I feel compelled to add a few observations regarding the matter.

As I read the Eminent Domain Code, the issue of possession has been resolved in favor of permitting the condemnor, once the declaration of taking has been filed and the provisions respecting pro tanto payment of compensation complied with, to claim immediate possession. Act of June 22, 1964, P. L. 84, §407, 26 P.S. §1-407 (Supp. 1965). Yet, I see no provision in the Code which would afford the condemnee redress for damages sustained by reason of the loss of possession if the latter challenges the validity of the taking and prevails. Cf. Act of June 22, 1964, P. L. 84, §408, 26 P.S. §1-408 (Supp. 1965) (voluntary revocation). In my view, the failure of the Code to provide redress for loss of possession in the event the condemnee successfully resists condemnation would render that provision of the Code entitling the condemnor to immediate possession unconstitutional. I am unable to construe the Code to have intended such a result.

In order, therefore, to avoid the problem, I would construe the Code to preclude the assertion of the right of possession by the condemnor pending disposition of

preliminary objections which challenge the validity of the condemnation. I would permit the objections to be filed immediately upon the filing of a declaration of taking and would require that the court prohibit any further action on the part of the condemnor which affects the condemnee's untrammelled right to possession until the preliminary objections, and the challenge to the validity of the taking, have been adjudicated.

Mr. Justice JONES and Mr. Justice EAGEN join in this concurring opinion.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

I emphatically dissent to the Majority Opinion filed in this case. I would never be able to state my protest against this unjust decision in as clear and cogent a language as that employed by Isaiah, son of Amoz, when he said: "And judgment is turned away backward, and justice standeth afar off: for truth is fallen in the street, and equity cannot enter." (Isaiah LIX, 14)

For an enumeration of woes raised by the decision of the Majority, I refer to a more terrestrial document, namely, my Dissenting Opinion in *Mahan v. Lower Merion Township,* 418 Pa. 558.