Dissenting Opinion by
Montgomery, J.:
1 cannot agree that these appeals should be quashed as interlocutory. I think the orders dismissing appellants’ preliminary objections were appealable on the authority of Hanni Appeal and Faranda Appeal, both cited in the majority opinion, and also on Hoffman v. Commonwealth, 422 Pa. 144, 221 A. 2d 315 (1966), and Valley Forge Golf Club v. Upper Merion Township, 422 Pa. 227, 221 A. 2d 292 (1966). The fact that the action taken in the present cases was prior to the new Eminent Domain Code of 1964, whereas it was after its enactment in Hanni and Faranda, does not distinguish the cases or change the results.
The petitions in the present cases were filed expressly under the 1964 Code which, in §303, art. Ill, states that “It is intended ... to provide a complete and exclusive procedure and law to govern all condemnations . . . except as provided in section 901: . . ,”[1] In Valley Forge Golf Club the Supreme Court said at page 230, “Hence, a condemnation case involves two proceedings — the first to determine the propriety of the taking, the second to determine damages recoverable by the condemnee. Each is an appealable determination with which an aggrieved condemnee may take issue before the appropriate appellate court.” Insofar as the right of condemnation is concerned and the *184 measure of damages based thereon, it .is not difficult to recognize the. importance of changes made by the 1964 Code. However, I fail to see any reason why the Code and the decisions under it should not be followed on matters of changed procedure whether the condemnation was before or after the enactment of the Code. Hoffman v. Commonwealth, supra, recognized and followed a change made by the Code in the matter of expert testimony although the condemnation in that case arose before the enactment of same.
For the foregoing reasons I would consider the merits of these cases. However, I find that impossible to do on the present record. The lower court based its orders on the finding that the Borough had ratified unauthorized acts previously taken. The record fails to disclose what such action of ratification may have been; also, that this situation was merely an authorized change of grade which presupposes that it was done in relation to a road or street over which the Borough had previously exercised control. The record does not explain this finding.
I would remand these cases to the lower court with directions to take testimony as to the ownership of the area under consideration and the use made of it by the general public, and also the history of the municipal action taken by the Borough in connection with it. This is authorized by subsection (e) of §406 of the 1964 Code, 26 P.S. §1-406 (e) (pp), in disposing of preliminary objections in eminent domain proceedings.. If this is not done the issue as to the legality of the Borough action will not be resolved.
Therefore, I respectfully dissent.

 Section 901, 26 P.S. §1-901 (pp), has no application to the present situation.