**George KADASH and his wife Joan A. Kadash,**

v.

**The CITY OF WILLIAMSPORT and the Williamsport Redevelopment Authority, its agent.**

Civ. No. 72–382.

United States District Court, M. D. Pennsylvania.

June 29, 1973.

George Kadash, pro se.

Scott A. Williams, McNerney, Page, Vanderlin & Hall, Williamsport, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, District Judge.

Plaintiffs,[1] residents and landowners in a section of the City of Williamsport, Pennsylvania, known as the Foresman Plot, seek money damages and the issuance of a permanent injunction to restrain defendants, City of Williamsport and the Redevelopment Authority of the City of Williamsport, from taking any further steps to condemn their property. The case was originally assigned to Judge Muir of this court, who denied plaintiffs' motion for a temporary restraining order seeking to enjoin the City of Williamsport from holding a public hearing on July 27, 1972, relative to a Redevelopment Project calling for the condemnation of plaintiffs' land. The matter was then set down for trial and after taking three days of testimony, Judge Muir acceded to plaintiffs' request that he disqualify himself.[2] The case was then reassigned to this court and subsequently defendants moved to dismiss the complaint on the ground that the court lacked jurisdiction over the subject matter and for the further reason that the complaint failed to state a claim upon which relief could be granted. Argument was heard on March 16, 1973 and briefs, affidavits and other memoranda have been filed. The motion is now before the court for disposition. Inasmuch as affidavits and other materials submitted by the parties have been considered by the court in its decision, the motion to dismiss will be treated as a motion for summary judgment under Rule 56, Fed.R.Civ.P. For the reasons stated below, the court concludes that defendants' motion must be granted and the complaint dismissed.

## BACKGROUND

The Foresman Plot is a semi-residential neighborhood of approximately 50 acres located in the extreme western section of the City of Williamsport. On September 12, 1966, as part of a comprehensive redevelopment plan for the City of Williamsport, the Williamsport Planning Commission certified the Foresman Plot as a blighted area in accordance with the Pennsylvania Urban Redevelopment Law, 35 Pa.Stat.Ann. § 1701 et seq. Thereafter, in the spring of 1970, the Planning Commission approved a redevelopment proposal for the area as

---

1. Plaintiffs are representing themselves, although the court repeatedly requested them to make further efforts to retain counsel.

2. During the trial it was disclosed that plaintiffs based their case in part, on the claim that their land was eventually to be con-

demned and sold to Industrial Properties Corporation, a devision of the Williamsport Chamber of Commerce, for a non-public use. Judge Muir was then asked to disqualify himself on the grounds that he was a contributor and dues-paying member of the Chamber of Commerce.

prepared by the defendant Redevelopment Authority. After the required public hearings on the proposal were held, the Williamsport City Council rejected the initial proposal on June 2, 1970, pursuant to 35 Pa.Stat.Ann. § 1710(h). A slightly different proposal covering the same area was later submitted to the Planning Commission in January, 1972. This time the Planning Commission recommended rejection of the proposal; however, after the public hearings held in July of 1972,[3] the Williamsport City Council adopted a resolution on September 14, 1972 approving the proposal and agreeing to cooperate with the Authority in helping to carry it out. Subsequently, the Redevelopment Authority received a commitment for funding of the project from the Commonwealth of Pennsylvania through the Department of Community Affairs. To this date, however, the contract which would commit the funds has remained unexecuted and no monies have been received by the Authority to enable it to acquire the properties involved, nor as of this date has the Redevelopment Authority adopted a Resolution authorizing the condemnation of plaintiffs' property.

## DISCUSSION

Being mindful that plaintiffs are not represented by counsel, the court has endeavored to liberally construe the pleadings filed by plaintiffs. In their complaint, plaintiffs broadly assert that defendants are harassing plaintiffs and depriving them of their constitutional rights by (1) continually pursuing an urban renewal project previously rejected in 1970 which would result in the condemnation of plaintiffs' property and (2) attempting to condemn plaintiffs' property and deed it to a private corporation for a non-public use. In response, defendants have moved to dismiss the complaint contending that the court lacks jurisdiction over the subject matter and, in any event, if the court

does have jurisdiction, the court should decline to exercise it since plaintiffs' rights would be adequately protected by proceedings in the Pennsylvania state courts. Finally, defendants assert that it is premature for plaintiffs to assert the claims asserted here prior to the initiation of eminent domain proceedings.

## JURISDICTION

### Federal Question Statute

Although directed to do so by the court in its order of February 23, 1973, plaintiffs have not set forth a jurisdictional base upon which their claim is grounded. Again allowing for the *pro se* nature of their pleadings, plaintiffs conceivably could be asserting jurisdiction under the Federal Question Statute, 28 U.S.C. § 1331 or the Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. § 1343. Construing the complaint under the Federal Question Statute, plaintiffs have alleged the deprivation of a federally protected right and the amount in controversy would probably exceed $10,000. However, to the extent that plaintiffs seek to enjoin defendants from taking steps to condemn plaintiffs' land, the requested relief would be barred by the Federal Anti-Injunction Statute, 28 U.S.C. § 2283. That section provides as follows:

> "A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

While no state condemnation proceedings have yet been commenced and technically no injunction has been sought against a pending state *proceeding*, plaintiffs have requested that defendants be restrained from initiating future state condemnation procedures. It has long been held that "the prohibition of § 2283 cannot be evaded by addressing the

---

3. This was the hearing plaintiffs originally sought to restrain in their application for a temporary restraining order.

order to the parties" rather than directly to the state court. Atlantic C.L.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 90 S.Ct. 1739, 26 L. Ed.2d 234 (1970); Oklahoma Packing Co. v. Oklahoma Gas & Elec. Co., 309 U. S. 4, 60 S.Ct. 215, 84 L.Ed. 537 (1940). *See also* Hilliard v. Commonwealth of Pa., Pa. Game Commission, 438 F.2d 92 (3d Cir. 1971). Since the injunctive relief plaintiffs seek would fly in the face of § 2283's bar against interference with state judicial proceedings, I conclude jurisdiction cannot be asserted under the Federal Question Statute.

*Civil Rights Act*

▉ Considering plaintiffs' complaint as one under the Civil Rights Act, it is now apparent that if plaintiffs' action can be brought within the provisions of the Civil Rights Act of 1871, 42 U.S.C. § 1983, the statutory bar of the Anti-Injunction Act would not apply.[4] Mitchum v. Foster, 407 U.S. 225, 92 S. Ct. 2151, 32 L.Ed.2d 705 (1972); Cooper v. Hutchinson, 184 F.2d 119 (3d Cir. 1950). However, in order for a claim to be actionable under the Civil Rights Act, a plaintiff must show the denial of some right, privilege or immunity secured by the Constitution or laws of the United States by someone acting under color of state law. Unquestionably, defendants are acting under color of state law; however, the court has been unable to find any federally protected right that has been violated. The thrust of plaintiffs' complaint is that defendants are depriving plaintiffs of their constitutional rights by insisting on pursuing a previously rejected redevelopment plan which would involve the condemnation of plaintiffs' land and by attempting to

condemn plaintiffs' property and deed it to a private corporation for a non-public use. Further, although not included in their complaint, but made a part of their trial brief, plaintiffs maintain that the certification of the Foresman Plot as blighted within the meaning of the Pennsylvania Urban Redevelopment Act was clearly erroneous.[5] All of these matters can be presented to the Pennsylvania state courts if and when the contemplated state condemnation proceedings are commenced. There has been no assertion made that plaintiffs will not have an adequate opportunity to be heard and present their claims in the state court.

Article I, Sec. 10 of the Pennsylvania Constitution, P.S., provides that "private property [shall not] be taken or applied to public use, without authority of law and without just compensation being first made or secured." Further, under the Eminent Domain Code of 1964, 26 Pa.Stat.Ann. § 1–101 et seq., Pennsylvania has established a statutory procedure which "fully protects the rights of the property owner and guarantees to him the constitutional safeguards to which he is entitled, including appropriate appellate review." Valley Forge Golf Club v. Upper Merion Township, 422 Pa. 227, 230, 221 A.2d 292, 293 (1966). Under section 402 of the Code, provision is made that before land is acquired, the condemning authority must file a declaration of taking with such security as may be required under section 403. The condemning authority must then give notice of the taking to the condemnee and to the local recorder of deeds. 26 Pa.Stat.Ann. §§ 1–404, 1–405. Further, the condemnee is entitled to file preliminary objections to the décla-

---

4. Nor would jurisdiction under the Civil Rights Act be improper on the grounds that plaintiffs are merely alleging an impairment of a "property" right as distinguished from a "personal" right. *See* Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972).

5. In their trial brief, plaintiffs have also alleged the deprivation of other constitu-

tional rights including the equal protection of the laws, the right to be free from unreasonable searches and seizures and the right not to be placed twice in jeopardy for the same offense. Inasmuch as the court concludes that these claims are utterly without merit, they will not be discussed further.

ration of taking, which are declared by statute to be the exclusive method of challenging the condemnation proceedings. § 1–406.[6] As the comment notes to § 406 indicate, it is the intent of this section to provide the exclusive method of challenging the power to condemn, the sufficiency of the security, the declaration of taking and the procedures employed. Thus, based upon the provisions of Pennsylvania law, I am satisfied that Pennsylvania state procedures would fully preserve all the constitutional rights due plaintiffs in the anticipated condemnation proceedings. Elterich v. The City of Sea Isle City, 477 F.2d 289 (3d Cir. 1973); Landowners Consideration Association v. Montana Power Co., 300 F.Supp. 54 (D.Mont.1969). In my opinion, for a federal court, sitting as a court in equity, to make a ruling on the validity of defendants' activities to date would be an unwarranted interference with state court jurisdiction. Martin v. Creasy, 360 U.S. 219, 79 S.Ct. 1034, 3 L.Ed.2d 1186 (1959).

■ Moreover, it should also be noted that the named party defendants, the City of Williamsport and the Williamsport Redevelopment Authority, are not "persons" within the meaning of § 1983 and therefore are not subject to suit under the Civil Rights Act. City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (U.S.1973); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969), cert. denied 396 U.S. 1046, 90 S.Ct. 696, 24 L. Ed.2d 691 (1970). This insufficiency was specifically called to plaintiffs' attention at the March 16 hearing and, although given the opportunity to remedy the deficiency by amendment, plaintiffs have failed to do so.

*Justiciability*

■ Finally, in addition to the deficiencies of plaintiffs' complaint noted above, the court also concludes that it is premature for plaintiffs to bring the claims asserted here because of the absence of a real and imminent threat to plaintiffs prior to the initiation of any condemnation proceedings. *See* Gage v. Commonwealth Edison Company, 356 F. Supp. 80, 87 (N.D.Ill.1972); Seneca Constitutional Rights Organization v. George, 348 F.Supp. 51, 60 (W.D.N.Y. 1972). Defendant Redevelopment Authority has submitted the affidavit of William Miller, Executive Director and Secretary of the Williamsport Redevelopment Authority, which states that although the Commonwealth, through the Department of Community Affairs, has presented a contract which would provide funding for the proposed project, that contract to this date has not been executed and no funds have been received by the Authority. The affidavit also states that before plaintiffs' land can be acquired by condemnation, the Redevelopment Authority must adopt a formal resolution authorizing the taking and as of this date no such resolution has been adopted. None of these averments have been contravened by plaintiffs.

■ It is well settled that federal courts should decline to exercise jurisdiction over a dispute unless it has reached that degree of finality where it can be said that it constitutes an actual "case or controversy". *See* Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 154, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (Frankfurter, J. concurring). At least until condemnation proceedings have been commenced against plaintiffs here, plaintiffs' controversy has not yet reached that stage.

---

6. The Pennsylvania Supreme Court has declared on numerous occasions that the filing of preliminary objections under § 406 constitutes the exclusive method of challenging condemnation proceedings under Pennsylvania law. *See e. g.* Valley Force Golf Club v. Upper Merion Township, *supra;* Faranda Appeal, 420 Pa. 295, 216 A.2d 769 (1966); Mahan v. Lower Merion Township, 418 Pa. 558, 212 A.2d 217 (1965). *See also* Redding v. Atlantic City Electric Co., 440 Pa. 533, 269 A.2d 680 (1970); McConnell Appeal, 428 Pa. 270, 236 A.2d 796 (1968).

CONCLUSION

Therefore, for all of the reasons stated above, plaintiffs' action must fail because (1) under the circumstances of this case the court will not unnecessarily interfere with state court jurisdiction when available state court remedies adequately protect plaintiffs' asserted rights; (2) the municipal defendants are not persons within the meaning of 42 U.S.C. § 1983; and (3) no case or controversy presently exists.