**James Y. KAO and George Peng, Plaintiffs,**

v.

**RED LION MUNICIPAL AUTHORITY et al., Defendants.**

**Civ. No. 73–680.**

United States District Court, M. D. Pennsylvania.

Sept. 25, 1974.

---

**1164**

Gibson Smith, Jr., York, Pa., for plaintiffs.

Frank B. Boyle, John T. Miller, York, Pa., for defendants, Red Lion Municipal Authority and Carl E. Seitz.

Edward T. Baker, Harrisburg, Pa., James J. Restivo, Jr., Pittsburg, Pa., Reed Smith Shaw & McClay, Harrisburg, Pa., for defendants, Mount Joy Construction Co., Inc. and David Rosser.

SHERIDAN, Chief Judge.

Plaintiffs, James Y. Kao and George Peng, landowners of a 254-acre tract in York County, Pennsylvania, brought this action under the Civil Rights Act, 42 U.S.C.A. § 1983, seeking damages against the defendants on the ground their land has been appropriated without the payment of just compensation and has been damaged by the willful and continuous trespass of the defendants. Jurisdiction is invoked under 28 U.S.C.A. § 1343. The defendants are the Red Lion Municipal Authority (Red Lion), Carl E. Seitz, manager of Red Lion, Mount Joy Construction Co., Inc. (Mount Joy), and David Rosser, president of Mount Joy.

Paragraphs 4 and 5 of the complaint, which state the claim upon which plaintiffs seek relief, read:

"On or about December 1, 1972, and up to and including the present dates, the Defendant, the Red Lion Municipal Authority, acting under color of law and in concert with the other Defendants and through the other Defendants herein, have committed a willful and continuous trespass over the lands of the Plaintiffs herein to the extent that Defendants have taken the lands of Plaintiffs herein without payment of compensation as provided by law or without any proceedings to secure just compensation to Plaintiffs.

"On or about December 1, 1972, and at various subsequent dates, the Defendant Red Lion Municipal Authority, acting through its manager, Carl E. Seitz, has conspired with the other named Defendants herein to effect the illegal taking of Plaintiffs' property as set forth herein. Said conspiracy to deprive Plaintiffs of their property was subsequently carried into effect by Defendants herein to the extent that the real estate of Plaintiffs as herein set forth has been reduced in value One Hundred Thousand ($100,000.00) Dollars by the illegal acts of Defendants, namely, the continuing trespass across the Plaintiffs' land, the building of a road across Plaintiffs' land, the change in grade on Plaintiffs' land and the construction on land of the Defendant of earthen dams and lakes for the accumulation of mud and silt, which dams and lakes could not have been constructed except by the illegal use of Plaintiffs' land to reach Defendant's land. The devaluation in market value as a result of the aforesaid illegal and improper acts, all done under color of law, have caused a loss in fair market value in Plaintiffs' land of One Hundred Thousand ($100,000.00) Dollars."

Defendants, Mount Joy and Rosser, moved to dismiss the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground the complaint fails to state a claim upon which relief can be granted, for the reason that the facts alleged in the complaint do not involve an abridgement of any federal statutory or constitutional rights, privileges or immunities. For the same reason defendants, Red Lion and Seitz, filed a motion to dismiss for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

 In order for a claim to be actionable under the Civil Rights Act, a plaintiff must allege and prove the denial of some right, privilege or immunity secured by the Constitution or laws of the United States by someone acting under color of state law. Basista v. Weir, 3 Cir. 1965, 340 F.2d 74, 79; Jennings v. Davis, 8 Cir. 1973, 476 F.2d 1271. Taking as true the allegations of the complaint, as must be done on a motion to dismiss, Cooper v. Pate, 1964, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030; Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, the court cannot find any federally protected right that has been violated.

Plaintiffs assert that their property has been used, damaged, and in effect taken without just compensation. Article I, section 10 of the Pennsylvania Constitution, P.S., provides that "pri-

vate property [shall not] be taken or applied to public use, without authority of law and without just compensation being first made or secured." Under the Eminent Domain Code of 1964, 26 P.S. § 1–101 et seq., Pennsylvania has established a statutory procedure which "fully protects the rights of the property owner and guarantees to him the constitutional safeguards to which he is entitled, including appropriate appellate review." Valley Forge Golf Club v. Upper Merion Township, 1966, 422 Pa. 227, 230, 221 A.2d 292, 293. The Pennsylvania Constitution and Eminent Domain Code fully preserve all the constitutional rights due plaintiffs with respect to the public taking, injury or destruction of private property. No assertion has been made that plaintiffs have been denied an opportunity to press their claims in the state court. There is no reason to believe that the Commonwealth of Pennsylvania will not accord full constitutional protection to plaintiffs' property rights. In light of this fact, there is no federal constitutional violation. Elterich v. City of Sea Isle City, 3 Cir. 1973, 477 F.2d 289; Kadash v. City of Williamsport, M.D.Pa.1973, 362 F.Supp. 1343; Landowners Consideration Association v. Montana Power Co., D.Mont.1969, 300 F.Supp. 54, appeal dismissed as moot, 9 Cir. 1971, 439 F.2d 722. The fact that there allegedly has been a taking of plaintiffs' property without compensation or before any condemnation has taken place does not mean plaintiffs' constitutional rights were violated, since compensation is available under Pennsylvania law. Elterich v. City of Sea Isle City, 3 Cir. 1973, 477 F.2d 289, 291; Gigliotti v. Redevelopment Authority of City of New Castle, W.D.Pa.1973, 362 F.Supp. 764; see Stringer v. United States, 5 Cir. 1973, 471 F.2d 381, cert. denied, 1973, 412 U.S. 943, 93 S.Ct. 2775, 37 L.Ed.2d 404; Yearsley v. Ross Construction Co., 1940, 309 U.S. 18, 60 S.Ct. 413, 84 L.Ed. 554; Hurley v. Kincaid, 1932, 285 U.S. 95, 52 S.Ct. 267, 76 L.Ed. 637. Furthermore, to adjudicate the claims plaintiffs assert herein would be an unwarranted interference with state court jurisdiction. Martin v. Creasy, 1959, 360 U.S. 219, 79 S.Ct. 1034, 3 L.Ed.2d 1186; see Elterich v. City of Sea Isle City, supra; Kadash v. City of Williamsport, supra.

■ In addition to the claim of the taking of their property without just compensation, plaintiffs assert that the defendants "have committed a willful and continuous trespass" over their land. While the due process clause of the fourteenth amendment and the Civil Rights Act protect "property" rights as well as "personal" rights, Lynch v. Household Finance Corp., 1972, 405 U.S. 538, 92 S. Ct. 1113, 31 L.Ed.2d 424; Board of Regents v. Roth, 1972, 408 U.S. 564, 92 S. Ct. 2701, 33 L.Ed.2d 548; a trespass to property, negligent or intentional, is merely a common law tort and does not infringe the federal Constitution. Commonwealth of Pennsylvania ex rel. Feiling v. Sincavage, W.D.Pa.1970, 313 F. Supp. 967, aff'd 3 Cir. 1971, 439 F.2d 1133. More is needed than a naked averment that a tort was committed under the color of state law for a claim to be cognizable under the Civil Rights Act. Gittlemacker v. Prasse, 3 Cir. 1970, 428 F.2d 1; Howell v. Cataldi, 3 Cir. 1972, 464 F.2d 272. The wrongdoing must amount to a deprivation of a right, privilege or immunity protected by the Constitution or the laws of the United States. It was not intended by the fourteenth amendment or the Civil Rights Act that trespass to property, normally within the exclusive cognizance of the states, should become a matter of national concern. Commonwealth of Pennsylvania ex rel. Feiling v. Sincavage, 313 F.Supp. at 970.

■ It should be noted that defendant, Red Lion, is not a "person" within the meaning of Section 1983 and therefore is not subject to suit under the Civil Rights Act. City of Kenosha v. Bruno, 1973, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109; Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492; United States ex rel. Gittlemacker v. County of Philadelphia, 3 Cir. 1969, 413

F.2d 84, cert. denied, 1970, 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691.

The court has considered the affidavits, depositions, exhibits and other materials that have been submitted by the parties. Defendants' motions to dismiss have been treated as motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment may be entered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The defendants' motions for summary judgment will be granted for the reason that no federally protected rights are shown to have been violated, even if all plaintiffs' factual allegations are true.

The judgment will operate as an adjudication on the merits, insofar as rights under the Federal Civil Rights Act, 42 U.S.C.A. § 1983, are concerned. The dismissal will not operate as an adjudication on the merits as to any rights or remedies plaintiffs may have in the state courts.