A Condemnation in Rem by the Redevelopment Authority of the City of Johnstown etc. Stephen J. Conway, Jr., Appellant.

A Condemnation in Rem by the Redevelopment Authority of the City of Johnstown etc. Stephen J. Conway, Jr., Appellant.

A Condemnation in Rem by the Redevelopment Authority of the City of Johnstown etc. Revelopment Authority of the City of Johnstown, Appellant.

A Condemnation in Rem by the Redevelopment Authority of the City of Johnstown etc. Stephen J. Conway, Jr., Appellant.

Argued May 4, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Peter G. Loftus,* for appellant, Stephen J. Conway, Jr.

*Philip J. Katauskas,* with him *Michael Sklaroff* and *James D. Crawford, Schnader, Harrison, Segal & Lewis,* and *Thomas M. Kalinyak,* for appellee, Redevelopment Authority of the City of Johnstown.

OPINION BY JUDGE MENCER, July 15, 1981:

The Redevelopment Authority of the City of Johnstown (condemnor), on November 2, 1979, filed a declaration of taking relative to premises located at 316 Locust Street, Johnstown, Pennsylvania, and owned by Stephen J. Conway, Jr. (condemnee). These premises are located in a redevelopment project area known as the Lee Hospital Medical Arts Center Urban Renewal Area and, on November 2, 1979, were the site of the Stephen J. Conway Funeral Home.

The condemnee filed preliminary objections to the declaration of taking, contending, *inter alia,* that (a) the condemned area is not blighted, nor has it been designated as a blighted area, (b) the condemnation is for a private purpose and not a public purpose, (c) the bond attached to the declaration of taking is inadequate, insufficient, and valueless, and (d) the condemnor is not acting in good faith and is acting in an arbitrary and capricious manner.

The condemnor filed an answer, and subsequently an amended answer, to the preliminary objections filed by the condemnee. On December 29, 1979, the condemnee filed a motion for continuance of the argument on his preliminary objections, scheduled for January 3, 1980, and requested an evidentiary hearing to establish of record the allegations of fact set forth in his preliminary objections. On January 3, 1980, the Court of Common Pleas of Cambria County denied condemnee's motion for continuance which contained the request for an evidentiary hearing. On February 11, 1980, the condemnee's preliminary objections were "denied and dismissed." This appeal followed[1] and we reverse and remand.

A contention that an area certified by a redevelopment authority is not, in fact, blighted directly challenges the power of the condemnor to condemn a specific property and is a question that must be decided by the courts on the basis of a record. *Faranda Appeal*, 420 Pa. 295, 216 A.2d 769 (1966).[2] Also, a

---

[1] No. 476 C.D. 1980. Consolidated for argument are appeals at No. 1276 C.D. 1980 (condemnee's appeal from April 29, 1980 order directing issuance of writ of possession upon condition that condemnor pay into court $411,244.69 and file a surety bond in the amount of $1,700,000), No. 1296 C.D. 1980 (condemnor's appeal from April 29, 1980 order), and No. 1788 C.D. 1980 (condemnee's appeal from July 2, 1980 order directing issuance of writ of possession and denying condemnee's petition for supersedeas).

[2] The court below concluded, on the authority of *Simco Stores v. Redevelopment Authority*, 455 Pa. 438, 317 A.2d 610 (1974), that a judicial determination of the factual issue of blight is limited to a review of certification to that effect by the local planning commission and no opportunity for the condemnee to present evidence on the issue is needed. We believe the holding in *Simco Stores* should not be read so narrowly. That case dealt with a situation where our Supreme Court determined that the court below permitted and considered testimony to be given by the condemnee to the effect that its property was not blighted. *Id.* at 442 n. 6, 317 A.2d at 613 n. 6.

question of fact was raised by the preliminary objections as to the sufficiency of the condemnor's security. In order to make a determination on the merits of that contention, an adequate record should have been made before the trial judge dismissed the preliminary objections. *Faris Appeal*, 435 Pa. 55, 254 A.2d 653 (1969); *Golden Dawn Shops, Inc. v. Philadelphia Redevelopment Authority*, 3 Pa. Commonwealth Ct. 314, 282 A.2d 395 (1971).

Further, the condemnee here has alleged that the condemnor has condemned the premises in question for a private, not a public, purpose. This, of course, it has no power to do. *Kramer Appeal*, 438 Pa. 498, 266 A.2d 96 (1970); *Price v. Philadelphia Parking Authority*, 422 Pa. 317, 221 A.2d 138 (1966). This objection raises an issue of fact from the determination of which would follow a legal conclusion as to whether the condemnor had the power to acquire these premises. Preliminary objections are the exclusive means of challenging the power to condemn. *Mahan v. Lower Merion Township*, 418 Pa. 558, 212 A.2d 217 (1965). As there was no evidentiary hearing in the court below, it is impossible to know upon what facts, if any, the court below concluded, as it must have done, that the condemnation was for the

---

The majority opinion in *Simco Stores* recognized that if, as here, no testimony is allowed, a condemnee, whose exclusive means of challenging the power to condemn is by filing preliminary objections to the declaration of taking, has no opportunity to show that the action of the condemnor was arbitrary. *Id.*

Further, the majority opinion in *Simco Stores* did not overrule *Faranda* but specifically distinguished it by pointing out that *Faranda* "dealt with a situation where *no* testimony was allowed by the trial court on the issue of blight." *Id.* at 441, 317 A.2d at 612 (emphasis in original). Precisely the same thing happened in the instant case. Accordingly, our Supreme Court's holding in *Faranda*, and not its holding in *Simco Stores*, controls the instant appeal. *Id.* at 441 n. 5, 317 A.2d at 612 n. 5.

public purpose asserted by the condemnor and not the private purpose alleged by the condemnee. The condemnee was entitled to an evidentiary hearing on this issue. *Kramer Appeal; Faranda Appeal; Golden Dawn Shops, Inc. v. Philadelphia Redevelopment Authority.*

Accordingly, we can only conclude that the court below erred in dismissing the preliminary objections filed by the condemnee without an evidentiary hearing, and the case must be remanded with directions to the court below to hold an evidentiary hearing on the fact questions raised by the condemnee's preliminary objections.

Orders of February 11, 1980 (dismissing preliminary objections), April 29, 1980 (directing issuance of writ of possession, establishing estimated just compensation, and setting surety bond), and July 2, 1980 (directing issuance of writ of possession and denying condemnee's petition for supersedeas) vacated[3] and case remanded.

ORDER

AND Now, this 15th day of July, 1981, the orders of the Court of Common Pleas of Cambria County, under dates of February 11, 1980 (dismissing condemnee's preliminary objections), April 29, 1980 (directing issuance of writ of possession upon condition that condemnor pay to Prothonotary for the

---

[3] Since the Eminent Domain Code, Act of June 22, 1964, Sepcial Sess., P. L. 84, *as amended*, 26 P.S. §§1-101 to 1-903, fails to provide redress for loss of possession in the event the condemnee successfully resists condemnation, the issuance of a writ of possession to the condemnor prior to the proper disposition of preliminary objections which challenge the validity of the condemnation would be constitutionally infirm. *See Valley Forge Golf Club v. Upper Merion Township*, 422 Pa. 227, 221 A.2d 292 (1966) (concurring opinion by ROBERTS, J.).

use of condemnee the sum of $411,244.69 and that condemnor file a surety bond of $1,700,000), and July 2, 1980 (directing issuance of writ of possession and denying condemnee's petition for supersedeas), are hereby vacated, and the case is remanded to the Court of Common Pleas of Cambria County, with directions to hold an evidentiary hearing on the fact questions raised by the condemnee's preliminary objections and thereafter to rule upon said preliminary objections.

Judge ROGERS concurs in the result only.