In the Matter of: Condemnation by Urban Redevelopment Authority of Pittsburgh, etc. Urban Redevelopment Authority of Pittsburgh, Appellant v. Delmar F. Thomas, Jr., etc., Appellee.

Argued October 7, 1985, before Judges ROGERS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Leo C. Harper, Jr.,* with him, *Marion E. Popiel,* for appellant.

*Delmar F. Thomas, Jr.,* with him, *Michael H. Sable,* for appellee.

OPINION BY JUDGE ROGERS, November 8, 1985:

The Urban Redevelopment Authority of Pittsburgh has appealed from an order of the Court of Common Pleas of Allegheny County sustaining the preliminary objections of Delmar F. Thomas, Jr., to the Redevelopment Authority's declaration of taking of a parcel of real estate located in the City of Pittsburgh.

The Redevelopment Authority alleged in its declaration of taking that Mr. Thomas' property "has been certified as blighted by the Vacant Property Review Committee of the City of Pittsburgh and the Planning Commission." Mr. Thomas averred in his preliminary objections that the property "was certified as blighted . . . primarily because an allegedly dilapidated building stood on the property" and that the "allegedly dangerously dilapidated building . . . does not exist as it has been demolished and all debris removed."

The court sustained Mr. Thomas' preliminary objections, in the court's words, "after oral argument and consideration of the undisputed and indisputable facts pleaded, it appearing: (1) that an allegedly dilapidated building on the subject parcel . . . has been

razed, and (2) that the condemnee had attempted and offered to pay all delinquent taxes . . . and has paid and satisfied the demolition expenses incurred [by the City of Pittsburgh]."

The Redevelopment Authority contends that Mr. Thomas' contention by his preliminary objections that his property is not subject to taking because it is not blighted challenges the power of the Redevelopment Authority to condemn and is therefore a question to be decided only after an evidentiary hearing. This is the law of the cases. *Faranda Appeal,* 420 Pa. 295, 216 A.2d 769 (1966); *Conway Appeal,* 60 Pa. Commonwealth Ct. 520, 432 A.2d 276 (1981). We are required therefore to reverse the common pleas court's order and remand for an evidentiary hearing.

The Redevelopment Authority also observes that the court's order ignores the effect that is required to be given to a certification of blight by the competent planning authorities. In *Simco Stores v. Redevelopment Authority,* 455 Pa. 438, 317 A.2d 610 (1974), the Supreme Court held that public bodies charged with the authority to certify blight are presumed to have performed their duties in good faith; that it is the duty of a landowner contesting a certification of blight to allege and prove that the certification was arbitrary, capricious, made in bad faith, or the product of an abuse of discretion; and that absent such proofs the hearing court may not substitute its discretion for that of competent agencies on the subject of the presence of blight.

The Redevelopment Authority averred that Mr. Thomas' property has been certified as blighted. Hence, in the further proceedings which must be conducted in order to overturn the certification Mr. Thomas must allege and prove fraud, bad faith, abuse of discretion, or arbitrary or capricious action on the

part of the certifying authorities; and that absent such proofs, the court should not substitute its discretion for that of the public bodies on the subject of the condition of blight.

Order reversed; the record is remanded to the court of common pleas for further proceedings consistent herewith. Jurisdiction relinquished.

ORDER

AND Now, this 8th day of November, 1985, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed; and the record is remanded for further proceedings consistent herewith. Jurisdiction relinquished.