**In Re: Condemnation by the Commonwealth of Pa. Department of Transportation of Right of Way for Legislative Route 93, Section 04M, in the Twp. of Hickory**

*Paul H. Millin*, for condemnee.
*Raymond A. Swan*, for PennDOT.

WOLFE, *P.J.*, June 11, 1986 — Preliminary objections by the condemnee have been filed to the commonwealth of Pennsylvania, Department of

Transportation, declaration of taking of condemnee's private property for public use, to-wit, transportation.

Reliance to support the preliminary objections is founded in *Conway Appeal,* 60 Pa. Commw. 520, 423 A.2d 276 (1981). There, the court held if the preliminary objections raise an issue of fact it is improper for the court to dismiss the objections without first holding an evidentiary hearing to determine the factual issues, e.g., wherein the condemnee alleged the condemnor condemned the premises for a private, not a public, purpose. This raised a factual determination and required a hearing. Likewise the contention that the area certified by the redevelopment authority was blighted directly challenged the power of the condemnor to condemn, and a hearing is necessary.

Instantly, we will resolve the preliminary objections serially:

1. The condemnor does not have the right, power or authority to condemn the subject premises in that no final determination has been made that funds are available for the construction project (transportation) contemplated. Section 1-402 of the Act of June 22, 1964, P.L. 84 (26 P.S. §1-402) provides "condemnation, under the power of condemnation given by law to a condemnor, which shall not be enlarged or diminished hereby, shall be effective only by the filing in court of a declaration of taking, with said security as may be required under Section 403(a) and thereupon the title which the condemnor acquires in the property condemned shall pass to the condemnor on the date of such filing, and the condemnor shall be entitled to possession as provided in section 407."

Section 1-403 of the act addresses the issue of security:

"(a) Bond. Except as hereinafter provided, every condemnor shall give security to effect the condemnation by filing with the declaration of taking its bond, without surety, to the commonwealth of Pennsylvania for the use of the owner or owners of the property interests condemned, the condition of which shall be that the condemnor shall pay such damages as shall be determined by law.

(b) Power of Taxation. Where a condemnor has the power of taxation, it shall not be required to file a bond with the declaration of taking. The funds raised, or lawful to be raised, by the power of taxation of the condemnor shall be deemed pledged and are hereby made security for the payment of the damages as shall be determined by law."

In our opinion these two sections clearly vest in the commonwealth of Pennsylvania, Department of Transportation, the right and authority to condemn, the method to effect the condemnation and since the commonwealth has the sovereign right to tax, no bond is required; therefore, its agent, the Department of Transportation, has no duty to file a bond. We therefore conclude this issue is one of law and not one of fact to be resolved by an evidentiary hearing.

2. The declaration of taking is illegal and improper and therefore void in that it fails to conform to the requirements of the Eminent Domain Code in that:

"a. It does not describe the purpose of the condemnation and the need therefore, and

b. It does not give a sufficient description of the property condemned to enable a proper identification thereof with reasonable certainty, and

c. The declaration purports to except therefrom the mineral rights, however given the nature and extent of the taking and the limitations on access

there is in fact a condemnation in taking the mineral rights."

First, paragraph 6 of the condemnation of the subject premises states: "The purpose of the within condemnation is to acquire property for transportation purposes." Under section 1-402 of the act on the filing of the declaration of taking the condemnor must under subsection (4) state, "a brief description of the purpose of the condemnation." In our opinion there is no necessity for an evidentiary hearing to determine that the purpose of the condemnation is to acquire property for transportation purposes. We note the condemnee does not deny that the purpose of the taking is for transportation, which if condemnee did would indeed raise a question of fact.

Second, the description given under the declaration of taking fully complies with the act, section 1-402 (5) in that the declaration states: ·

"The within condemnation has been authorized by a plan signed by the Secretary of Transportation on September 3, 1985, entitled 'Drawings Authorizing Acquisition of Right-of-way for Legislative Route 93, section O4M R/W, in Forest County,' a copy of which was filed in the recorder's office in the aforesaid county on October 3, 1985, in Map Book 2, at page 13 . . '.

A schedule of property condemned identifying and specifying the location of the property hereby condemned is attached hereto and made a part hereof.

Plans showing the property hereby condemned may be inspected in the recorder's office of the aforesaid county at the places indicated on the attached schedule of property condemned or, if not shown thereon, are the day of the filing of this docu-

ment being lodged for record or filed in said recorder's office, where they may be inspected."

In our opinion again this is not an issue raised that requires an evidentiary hearing. It is a matter of law to determine if the description of the property condemned is sufficient identification to the condemnee. We hold that it is, especially since the condemnor has filed plans with the recorder's office of Forest County wherein the schedule of property condemned may be reviewed.

Third, the claim that there is a taking de facto of the mineral rights is not subject to this proceeding. The commonwealth does not purport to condemn the mineral rights, and therefore title to these rights is not affected. If, at the time of hearing, condemnee believes the mineral rights enhance the total value of the property taken, this will be considered as to the issue of just compensation. Needless to say, at this point there is no issue of fact to be resolved on preliminary objection.

For these reasons we enter the following

## ORDER

And now, this June 11, 1986, the condemnee's preliminary objections are dismissed.