A CONDEMNATION PROCEEDING IN REM BY THE REDEVELOPMENT AUTHORITY OF THE CITY OF PHILADELPHIA for the Purpose of Redevelopment of South Central Redevelopment Area South Central Urban Renewal Area Eleventh Condemnation, Philadelphia Including Certain Land, Improvements, and Properties.

### South Broad Street Medical Center, Inc., Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1996.

Decided Dec. 11, 1996.

Anthony V. Canuso, Philadelphia, for appellant.

John S. Di Giorgio, Philadelphia, for appellee.

Before DOYLE and FRIEDMAN, JJ., and KELTON, Senior Judge.

DOYLE, Judge.

Before the Court is South Broad Street Medical Center's (the Medical Center) motion to vacate an order of the Court of Common Pleas of Philadelphia County (trial court) dated March 14, 1996. In that order, the trial court vacated its prior order dated January 16, 1996 which denied a petition for writ of possession filed by the Redevelopment Authority of the City of Philadelphia (the Authority) regarding property of the Medical Center. Also before the Court is the Medical Center's appeal from the trial court's March 14, 1996 order.

On April 13, 1995, as part of the redevelopment of blighted areas of the City, the Authority filed a declaration of taking condemning the property located at 735 to 739 South Broad Street under the Urban Redevelopment Law[1] and Section 402 of the Eminent Domain Code.[2] Immediately prior to the filing of the declaration, on April 10, 1995, the Authority had written to the owner of the property, the Medical Center, offering $145,000.00 as its estimate of just compensation for the taking. On May 17, 1995, the Medical Center filed timely preliminary objections to the declaration of taking.

Without taking any evidence, by an order dated August 16, 1995, the trial court overruled the Medical Center's preliminary objections. On September 8, 1995, the Medical Center appealed the trial court's order of August 16, 1995 to this Court.

While the Medical Center's appeal was pending, the Authority filed a petition for writ of possession on December 5, 1995 which the trial court subsequently dismissed by order dated January 16, 1996. **No appeal of the January 16, 1996 order was taken.**

---

1. Act of May 24, 1945, P.L. 991, *as amended*, 35 P.S. §§ 1701–1719.1.

2. Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended*, 26 P.S. § 1–402.

However, on February 20, 1996, the Authority filed a motion for reconsideration of the dismissal of its petition for possession, and by an order dated March 14, 1996, the trial court reversed its previous order and **granted** the Authority's petition for possession.

Thereafter, the Medical Center filed both a petition for reconsideration of the trial court's March 14, 1996 order, which the Court essentially rejected,[3] and the instant notice of appeal with this Court.

By order dated August 1, 1996, this Court vacated the trial court's August 16, 1995 order which had overruled the Medical Center's preliminary objections, and remanded the matter to the trial court for the purpose of taking evidence on the factual issues raised by the Medical Center. *South Broad Street Medical Center, Inc. v. Redevelopment Authority of the City of Philadelphia,* 681 A.2d 877 (1996).

In response to our August 1, 1996 order, the Medical Center filed the instant motion to vacate the trial court's order of March 14, 1996 granting possession of the subject property to the Authority.

Section 407(a) of the Eminent Domain Code provides in pertinent part:

The condemnor, after the expiration of the time for filing preliminary objections by the condemnee to the declaration of taking, shall be entitled to possession or right of entry upon payment of, or a written offer to pay to the condemnee, the amount of just compensation as estimated by the condemnor. If a condemnee thereafter refuses to deliver possession or permit right of entry, the prothonotary upon praecipe of the condemnor shall issue a rule, returnable in five days after service upon the condemnee, to show cause why a writ of possession should not issue, upon which the court, **unless preliminary objections warranting delay are pending,** may issue a writ of possession conditioned upon payment to the condemnee or into court of

such estimated just compensation and on such other terms as the court may direct.

26 P.S. § 1–407(a) (emphasis added).

In its motion to vacate, the Medical Center argues that because our August 1, 1996 order remanded the matter and directed the trial court to hold an evidentiary hearing and issue a new decision and order regarding the Medical Center's preliminary objections, those preliminary objections now warrant delay and are pending. Hence, the Medical Center argues, the Authority is not entitled to a writ of possession for the subject property. We agree.

In *Appeal of Conway,* 60 Pa.Cmwlth. 520, 432 A.2d 276 (1981), the condemnee filed preliminary objections which the trial court "denied and dismissed" without first holding an evidentiary hearing. On appeal, we vacated the trial court's order based on our conclusion that the preliminary objections raised issues of fact which warranted an evidentiary hearing and, therefore, the trial court's dismissal of those preliminary objections was erroneous. Significantly, in *Conway,* we also vacated the trial court's order directing issuance of a writ of possession to the condemnor explaining:

Since the Eminent Domain Code ... fails to provide redress for loss of possession in the event the condemnee successfully resists condemnation, the issuance of a writ of possession to the condemnor prior to the proper disposition of preliminary objections which challenge the validity of the condemnation would be constitutionally infirm. *See Valley Forge Club v. Upper Merion Township,* 422 Pa. 227, 221 A.2d 292 (1966) (concurring opinion by Roberts, J.).

*Id.,* 432 A.2d at 278 n. 3.

Similarly, in the instant case, our August 1, 1996 order vacated and remanded the trial court's dismissal of the Medical Center's preliminary objections on the grounds that those preliminary objections raised issues of fact warranting an evidentiary hearing. Accordingly, while those preliminary objections re-

---

**3.** On April 24, 1996, the trial court modified its March 14, 1996 order by striking one sentence regarding the fair market value of the subject property. In all other respects, the trial court affirmed the March 14, 1996 order.

main extant, the Authority is not entitled to a writ of possession. It follows that the trial court's March 14, 1996 order granting the Authority's petition for possession must be vacated.[4]

Jurisdiction relinquished.

### ORDER

**NOW,** December 11, 1996, the March 14, 1996 order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby vacated.

Jurisdiction relinquished.

---

4. Because we vacate the trial court's March 14, 1996 order, we need not address the Medical Center's remaining arguments on appeal.