## Bleman v. City of Philadelphia

*Julius E. Fioravanti,* for plaintiff.

*Edward G. Bauer, Jr.,* City Solicitor, and *Augustus R. Sigismondi,* Asst. City Solicitor, for defendant.

McDEVITT, P. J., July 1, 1966.—Plaintiff, Howard L. Bleman (Bleman), brings this action in mandamus, seeking to compel the City of Philadelphia (city) and the Redevelopment Authority of the City of Philadelphia (authority) to condemn certain properties situate within a certified redevelopment area of the city. The complaint outlines the proceedings which occurred up to the time of its filing, setting forth the redevelopment area in question, certification by the city planning commission, notices to owners of property in the area, including Bleman, and other activities. Bleman further contends that the authority and the city have since failed to proceed with condemnation with reasonable dispatch, and that, as a result of the actions of the authority and the city, he has lost all his tenants, cannot insure his properties

against loss and that his properties are now practically valueless. He further alleges that defendants' conduct has caused plaintiff to suffer "severe damage and losses, not only in connection with the premises as aforesaid, but also in connection with his credit, good will, and health. He is faced with tremendous future losses, with the loss of his real estate on tax sales, and with bankruptcy". Bleman alleges that defendants "negligently and maliciously" disregarded his basic rights, particularly in that they did, in December of 1965, institute proceedings to establish a new redevelopment area for which the funds were obtained. This new redevelopment area is in the same general locale as the original area, but excludes plaintiff's properties therefrom.

To this complaint, which is considered above in summary fashion only, the city filed preliminary objections in the nature of a demurrer, setting forth numerous reasons why the complaint should be dismissed. The authority filed an answer to the complaint and is, therefore, not directly involved in the determination of the matter now before the court.

Upon a review of the law and the complaint in the instant case, assuming the truth of the facts pleaded therein, the preliminary objections must be sustained and the complaint dismissed. By this decision, however, we do not rule on the question which may well underlie this action; that is, whether in the circumstances there has been such action or conduct by the authority to have effected an actual physical taking of plaintiff's properties. Under prior law, a property owner was entitled to just compensation, including delay compensation from the date of actual physical taking of the property, even though no formal condemnation proceedings had been held. See 2 Nichols Em. Dom. (3d ed.) §§ 6.2, 6.13(1), 6.21. And, under the Urban Redevelopment Law of May 24, 1945, P. L. 991,

sec. 12, it is stated that the authority shall have the right to exercise the power of eminent domain in the same manner provided by law for cities or counties of the same class in which the authority is organized to operate. Borough of Braddock v. Bartoletta, 28 D. & C. 2d 529, affirmed on opinion of lower court, 409 Pa. 281 (1962), held that the taking occurs when the redevelopment authority makes its formal resolution of condemnation.

It appears from the pleadings filed in this matter that no such resolution was ever made to the date of filing of the complaint. Under the Eminent Domain Code of June 22, 1964, P. L. 84, sec. 402, "Condemnation . . . shall be effected only by the filing in court of a declaration of taking, with such security as may be required under section 403 (a) . . . ." No such declaration of taking has been filed respecting plaintiff's properties involved in this suit.

Two questions present themselves on these preliminary objections: The first, whether an action in mandamus will lie against the city, and second, if not, whether plaintiff is entitled to any redress in the courts.

The first question must be answered in the negative, the second in the affirmative. Considering these questions in reverse order, although the code provides that condemnation shall be effected only by the filing of a declaration of taking, section 502 (e) provides:

"If there has been a compensable injury suffered and no declaration of taking therefor has been filed, a condemnee may file a petition for the appointment of viewers substantially in the form provided for in subsection (a) of this section, setting forth such injury".

Snitzer, Penna. Eminent Domain, suggests, in section 502-3 of his work, that this provision of the code is confusing, apparently believing that since a condemnation, to be lawful, requires the filing of a declara-

tion, there can be no compensable injury without such declaration. With that conclusion, this court cannot agree. The requirement that security and a declaration of taking be filed with the court is for the protection of both the condemnor and the condemnee. The comments to sections 402 and 502 make this clear. As stated in comment to section 402, "Where there is an *injury without a taking*, such as a change of grade, it is intended that a declaration of taking be filed with a plan showing the abutting properties. If the condemnor does not file a declaration of taking, the condemnee may proceed under §502(e)". And the comment under section 502 provides: "Subsection (e) is necessary to cover the situation where there is in fact a compensable injury but the condemnor has not filed a declaration of taking. It is intended to cover the case where there is an injury to property not included in the declaration of taking, or where, as in the case of a change of grade, no declaration of taking has been filed".

Plaintiff, in his complaint, alleges that by their conduct, the city and the redevelopment authority have effectively destroyed the value of his property. Assuming the facts alleged therein are true, the question is what remedy, if any, is available to plaintiff. For it seems clear enough that the Constitution requires payment for property "damaged or injured", and not merely property actually taken for a public purpose: Pennsylvania Constitution, article XVI, sec. 8. Condemnors shall ". . . make just compensation for property taken, injured or destroyed. . . ." Article I, sec. 10, provides ". . . nor shall private property be taken . . . to public use, without authority of law and without just compensation being first made or secured". Snitzer concedes that a plaintiff in this position is not without remedy: Snitzer, Penna. Eminent Domain, §201(1)-1, 201(1)-2, as follows:

"In other words, if the condemnor does not file a Declaration of Taking as provided by this Act, but nonetheless 'takes, injures or destroys' private property, what are the condemnee's remedies?

"§201(1)-2. *Without Authority—Remedies.* Such a taking, injury or destruction would be without authority of law. Section 502(e) enables a condemnee to petition for a board of view 'if there has been a compensable injury suffered and no declaration of taking' has been filed. 'Compensable injury suffered' means an interference with private property deemed a 'taking, injury or destruction,' whether by eminent domain proceedings, *or otherwise.* (Nichols, (on Eminent Domain), Volume 2, pp. 362-422 regarding judicially held 'takings, injuries or destruction' when no formal proceedings have been instituted.)"

It seems clear, in the instant case, that while an injury or destruction is alleged, the condemnor has not actually entered or physically taken the property. Thus, there may be some doubt of the propriety of an action in trespass. Numerous cases have held that trespass is an appropriate remedy where there was an entry. Cf., Titus v. Poland Coal Co., 275 Pa. 431 (1923); Philadelphia Clay Company v. York Clay Company, 241 Pa. 305 (1913); Davis v. Southwest Pennsylvania Pipe Lines, 223 Pa. 56 (1909); Hughes v. Elizabeth Borough, 343 Pa. 175 (1941). This doubt is further enhanced by the Eminent Domain Code's sections 502(e), set forth above, and 303. Section 303 provides, in part:

"Intent of Act; Exclusions.—It is intended by this act to provide a complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages therefor, except as provided in section 901".

Cf. Mahan v. Lower Merion Township, 418 Pa. 558 (1965); Redevelopment Authority v. Rubel, 54

Luz. 289 (1965) ; Percy v. Commonwealth, 47 Erie 172 (1965) ; In re Property of Fox, 234 F. Supp. 241 (D. C., 1964).

The court, therefore, concludes that plaintiff's proper remedy in this matter is to petition for the appointment of viewers. The redevelopment authority may file preliminary objections under section 406 of the code. Since subsection (e) provides, in part, "If an issue of fact is raised, the court shall take evidence by depositions or otherwise", it would seem that this procedure will allow for the most expeditious determination of the matter in issue.

The court further concludes that the complaint in mandamus must be dismissed, but without prejudice to plaintiff's rights to proceed as herein stated. Primarily, this conclusion rests upon the conclusion that the Eminent Domain Code provides the exclusive remedy in condemnation proceedings: Section 303.

Additionally, it has been held that mandamus cannot be substituted for trespass or other legal remedies provided by law. Cf. Pittsburgh Railways Co. v. Port of Allegheny County, 415 Pa. 177 (1964) ; Schwab v. Pottstown Borough, 407 Pa. 531 (1962) ; Gardner v. Allegheny County, 382 Pa. 88 (1955).

In view of this disposition of the matter, it is not necessary to rule upon the remaining issues raised in the city's preliminary objections. It should be noted, however, that the city relies upon the position that the decision of whether or not to exercise the power of eminent domain, and whether or not to condemn specific property, is discretionary. In the usual context, that position may well be correct, even though in a specific case the refusal to exercise that discretion might be incorrect. See Carver v. Upper Darby Civil Service Commission, 399 Pa. 498 (1960) ; Morrison v. Pittsburgh, 351 Pa. 95 (1944) ; Hotel Casey Company v. Ross, 343 Pa. 573 (1942) ; Matz v. Clairton County,

340 Pa. 98 (1940) ; Horowitz v. Beamish, 323 Pa. 273 (1936). However, as I view this complaint, plaintiff is actually alleging an injury so severe as to amount to a complete and total destruction of his several properties. In these circumstances, assuming the truth of the allegations as made, it is no longer a question of discretion, but rather, a question of compensation.

ORDER

And now, July 1, 1966, defendant City of Philadelphia's preliminary objections to plaintiff's complaint are sustained, and the complaint is dismissed without prejudice to plaintiff's right to invoke any other remedy made available by statute or law.