Clearview Land Development Company, Inc. and Roma Associates, Inc., Plaintiffs *v.* Jacob G. Kassab, Secretary of the Commonwealth of Pennsylvania, Department of Transportation, the City of Philadelphia, the Redevelopment Authority of the City of Philadelphia and the City of Philadelphia, Department of Public Property, Defendants.

Argued February 4, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Frank L. Tamulonis, Jr.,* with him *Kassab, Cherry & Archbold,* for plaintiffs.

*Stuart M. Bliwas,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendant, Secretary of Transportation.

*David A. Rosenblum,* Assistant City Solicitor, with him *Theodore H. Lunine,* Deputy in Charge of Counseling, *Stephen Arinson,* Chief Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for defendants, City of Philadelphia and City of Philadelphia Department of Public Property.

*David S. Winston,* with him *Peter A. Galante,* for defendant, Authority.

OPINION BY PRESIDENT JUDGE BOWMAN, May 19, 1976:

Clearview Land Development Company, Inc. and Roma Associates, Inc. (plaintiffs) filed a complaint in equity in this Court naming the Secretary of Transportation of the Commonwealth (Secretary), the Redevelopment Authority of the City of Philadelphia and the City of Philadelphia as defendants, whose alleged individual, combined and/or concerted actions threaten to substantially impair plaintiffs' ingress and egress to their property.[1] The parcel of land in question is utilized for business purposes and lies in Delaware County adjacent to the City of Philadelphia.

Specifically, as to the Secretary, plaintiffs allege the Secretary's plan to widen 84th Street, a state highway abutting plaintiffs' land, to construct curbing along it and to erect a median barrier along its middle line interferes with plaintiffs' access either in itself or in conjunction with action of other defendants. Plaintiffs ask this Court to enjoin the Secretary from proceeding with the planned improvements on 84th Street and award damages for the Secretary's part in the alleged interference with access. Alternately, plaintiffs ask that the Secretary be required to filed a declaration of taking.

---

1. Clearview owns the property and engages in business on a portion thereof. Roma is Clearview's lessee and conducts business on another portion of the property.

Although all defendants have raised preliminary objections, we first consider only those objections posed by the Secretary. Initially, the Secretary raises the doctrine of sovereign immunity as it relates to certain types of relief plaintiffs seek against him in his official capacity. He also raises an objection in the nature of a demurrer, alleging the failure to state a cause of action in equity as against the Secretary, and alternately, want of jurisdiction in equity because of the existence of an adequate and complete remedy at law.

The deficiencies of plaintiffs' complaint against the Secretary, in part, revolve around a lack of sufficient well pleaded *factual* averments to support plaintiffs' theory that the Secretary in any way acted unlawfully or unconstitutionally in his plans to widen and improve 84th Street. Averments 41 through 51, inclusive, dealing specifically with the Secretary's actions, contain no factual averments supportive of a conclusion that he is acting illegally or unconstitutionally. Certainly, plaintiffs cannot question the Secretary's right to construct highways or take land for that purpose. Nor are there any well pleaded factual averments in plaintiffs' complaint supporting the bald legal conclusion that the Secretary is acting in concert with the other defendants so as to deprive plaintiffs of access to their property.

The law concerning the application of the doctrine of sovereign immunity to equity actions against state officials was enunciated by Mr. Chief Justice JONES in *Philadelphia Life Insurance Company v. Commonwealth*, 410 Pa. 571, 576, 190 A.2d 111, 114 (1963):

"The distinction is clear between suits against the Commonwealth which are within the rule of its immunity and suits to restrain officers of the Commonwealth from enforcing the provisions of a statute claimed to be unconstitutional. Suits which seek to compel *affirmative action on the part of state officials or to obtain money damages or to recover property*

*from the Commonwealth* are within the rule of immunity; suits which simply seek *to restrain state officials* from performing affirmative acts are not within the rule of immunity." (Emphasis in original.)

Therefore, it is clear from *Philadelphia Life* that plaintiffs are not entitled to money damages from the Secretary in this action[2] nor are we able to order the Secretary to file a declaration of taking, *i.e.*, an affirmative act.[3]

Whether sovereign immunity here prevents use of equity to restrain the Secretary in the manner plaintiffs request, we need not decide. We hold, however, that in this case plaintiffs have failed to state a cause of action to support such relief. The Secretary cannot be restrained simply because plaintiffs do not like what he is doing. Some concept of illegality or unconstitutionality of the state official's action is necessary before he will be restrained. *See Philadelphia Life, supra; Koynok v. Commonwealth, supra* note 2.

Of course, for purposes of preliminary objections, well pleaded factual averments of a complaint are admitted, but not the conclusions of law. *Commonwealth's Crosstown Expressway Appeal, supra* note 3. Here, as expressed above, plaintiffs' complaint is devoid of *factual* allegations which support their conclusions of improper conduct by the Secretary, such allegations being critical when the act complained of is clearly otherwise within the Department's statutorily conferred powers.[4] In short,

---

2. *Koynok v. Commonwealth*, 12 Pa. Commonwealth Ct. 375, 316 A.2d 118 (1974) ; *see, e.g., Conrad v. Commonwealth, Department of Highways*, 441 Pa. 530, 272 A.2d 470 (1971).

3. *Bleman v. City of Philadelphia*, 39 Pa. D. & C.2d 446 (1966), which was cited with approval in *Commonwealth's Crosstown Expressway Appeal*, 3 Pa. Commonwealth Ct. 1, 281 A.2d 909 (1971).

4. State Highway Law, Act of June 1, 1945, P. L. 1242, *as amended*, 36 P. S. §670-101 et seq. Secretary's power to widen roads is found in the Act, 36 P. S. §670-206, and provides for the construction of curbs and medial strips, 36 P. S. §670-420.

more than mere conclusionary allegations of law must exist to find that equity has jurisdiction to restrain a Commonwealth official from performing an act. In this conclusion, we find support in the opinion of Judge ROGERS in *Vance v. Kassab*, 15 Pa. Commonwealth Ct. 328, 331, 325 A.2d 924, 926 (1974):

"The disqualifying infirmity of the plaintiffs' complaint, it seems to us, is its failure to state a cause within equity's jurisdiction. The Department of Transportation has specific statutory power to do what the Secretary here proposes—the construction of facilities for carrying surface waters from the public roads."

In the present case, the Secretary has the authority to do the acts opposed by plaintiffs, and the dismissal of the complaint in *Vance* suggests the same conclusion here.

In *Washington Park Inc. Appeal*, 425 Pa. 349, 229 A.2d 1 (1967), the Supreme Court recognized its lack of power to interfere with the discretion of the Secretary with respect to condemnation and the presumption of good faith attending the performance of his official duties. This principle is also applicable here in view of the absence of any allegation of abuse of discretion on the part of the Secretary.

Finally, the demurrer must be sustained because plaintiffs have an adequate and complete remedy at law making equity unavailable. The United States Supreme Court has endorsed this principle in approving the Pennsylvania courts' denial of equity in an access dispute involving an abutting landowners' challenge to the designation of a limited access highway.

"It was the clear pronouncement of the Pennsylvania courts that the state statute provides a complete procedure to guard and protect the plaintiffs' constitutional rights 'at all times.' In the light of this pronouncement it is difficult to perceive the basis for the District Court's conclusion that the plaintiffs would be irreparably harmed unless the state officers were

enjoined from proceeding under the statute. *There is no question here of the State's right to create or designate a limited access highway. The only question is the plaintiffs' right to compensation.* " *Martin v. Creasy,* 360 U. S. 219, 223-24 (1959). (Emphasis added.)

The statutory language of the Eminent Domain Code[5] (Code) evidences an intent that it is to be the exclusive remedy in cases such as plaintiffs here plead as against the Secretary. Section 303 of the Code, 26 P. S. §1-303, in fact states that the intent of the Code is to provide a "complete and exclusive procedure" in condemnation matters. The recognition in the Code, 26 P. S. §1-612, that permanent interference with access is a compensable injury and that the condemnee can petition for the appointment of viewers, even when no declaration of taking has been filed, 26 P. S. §1-502, mandates the conclusion that such "complete and exclusive" remedy must be pursued by plaintiffs. The Pennsylvania Supreme Court has repeatedly withheld the availability of equity in eminent domain matters on the theory that an adequate remedy at law is available.[6]

Plaintiffs assert their desire to stay in business renders money damages inadequate and necessitates the request for equity. We note that in *Valley Forge Golf Club v. Upper Merion Township,* 422 Pa. 227, 221 A.2d 292 (1966), the plaintiff filed a complaint in equity to enjoin

---

5. Act of June 22, 1964, Special Sess., P. L. 84, *as amended,* 26 P. S. §1-101 et seq.

6. *E.g., Faranda Appeal,* 420 Pa. 295, 216 A.2d 769 (1966); *Mahan v. Lower Merion Township,* 418 Pa. 558, 212 A.2d 217 (1965); *Babazick v. Dunkard-Bobtown Municipal Authority,* 414 Pa. 182, 199 A.2d 430 (1964); *Schwab v. Pottstown Borough,* 407 Pa. 531, 180 A.2d 921 (1962). In general, equity is denied when a statute provides a remedy. *See also, e.g., West Homestead Borough School District v. Allegheny County Board of School Directors,* 440 Pa. 113, 269 A.2d 904 (1970); *Northvue Water Company, Inc. v. Municipal Water & Sewer Authority of Center Township,* 7 Pa. Commonwealth Ct. 141, 298 A.2d 677 (1972).

the taking of its golf club because it desired to continue operation of its club. The Supreme Court refused to grant an injunction and limited the plaintiff to its remedy under the Eminent Domain Code.

Our decision to deny equitable relief in this case is also buttressed by the language of Mr. Justice POMEROY in *G. C. Murphy Co. v. Redevelopment Authority,* 458 Pa. 219, 225, 326 A.2d 358, 362-63 (1974) :

> "Appellants contend that, even if the City Council is legally empowered to create the Transitway Mall, the proposed alteration of State Street will constitute a de facto vacation of the street, entitling abutting property owners to damages from the city. We need not pass on this contention, for even if it has merit, appellants are not entitled to injunctive relief. See *Schwab v. Pottstown Borough,* 407 Pa. 531, 180 A.2d 921 (1962). *If construction* of the mall *will result in compensable injury* to property of appellants, *they have an adequate statutory remedy under the Eminent Domain Code."* (Emphasis added.)

We thoroughly disagree with plaintiffs' characterization of constitutional right to access which they can here protect in equity. They rely heavily on *Wolf v. Department of Highways,* 422 Pa. 34, 220 A.2d 868 (1966); however, that case merely recognizes a right to payment of damages for interferences with access that rise to the level of a taking. It in no way created a right to access entitling an objecting party to an injunction against the Secretary; the Secretary may only be required to pay compensation pursuant to the Code. Therefore, plaintiffs' allegations of unconstitutional acts on the part of the Secretary are little more than a play on words.

Whether plaintiffs' right to damages for interference with access has constitutional proportions or is simply based upon the statutory right to seek damages found in Section 612 of the Code, they have an adequate and complete remedy at law as provided in Section 502 of the

Code, and, therefore, equity has no jurisdiction in this case. Very recently, we held that an installation of curbing which permanently interferes with access is an act of "condemnation" under the Code and is compensable under Section 612. *Condemnation of 0.077 Acres in the Borough of West Fairview, Cumberland County, Pennsylvania,* 23 Pa. Commonwealth Ct. 628, 354 A.2d 14 (1976). We recommend this remedy to plaintiffs.

As to the other defendants, City of Philadelphia and Redevelopment Authority of the City of Philadelphia, we find that they are not the "Commonwealth,"[7] and plaintiffs' action against those parties is not within our original jurisdiction. We do not, therefore, consider or dispose of the preliminary objections filed by these defendants.

We enter the following

### ORDER

Now, May 19, 1976, the preliminary objections of the Secretary of Transportation are hereby sustained and plaintiffs' complaint is dismissed as to the Secretary. As to the remaining defendants, this matter is transferred to the Court of Common Pleas of Delaware County pursuant to Section 503 (b) of the Appellate Court Jurisdiction Act of 1970, 17 P. S. §211.503 (b).

The Chief Clerk shall certify to the Prothonotary of said court photocopies of the docket entries of the above captioned matter and transfer to him the record thereof.

The Chief Clerk is directed to mail copies of this Order to all counsel of record.

Judge KRAMER did not participate in the decision in this case.

---

7. Section 102 (a) (2) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, *as amended,* 17 P. S. §211.102 (a) (2); *T & R Painting Co., Inc. v. Philadelphia Housing Authority,* Pa. , 353 A.2d 800 (1976); *Clearfield Area Housing Corporation v. Hughes,* 13 Pa. Commonwealth Ct. 96, 318 A.2d 754 (1974).