E. A. Gerner and Margaret Gerner, his wife, Appellants *v.* Borough of Bruin, A Municipal Corporation of the Commonwealth of Pennsylvania, Appellee.

Argued May 3, 1978, before Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN and Judge DiSALLE did not participate.

*Frank P. Krizner,* with him *McCandless & Krizner,* for appellants.

*Saul J. Bernstein,* with him *Bernstein and Campbell,* for appellee.

OPINION BY JUDGE BLATT, August 18, 1978:

E. A. Gerner and Margaret Gerner (appellants) have asked us to review the decision of the Court of Common Pleas of Butler County which sustained the preliminary objections of the Borough of Bruin (Borough) to their complaint in equity.

The appellants are owners of a property to which access is provided by an alley maintained by the Borough. They have alleged that, as a result of the Borough's grading and paving of this alley, surface water is now being deposited on their property, causing damage to pine trees being grown there. In May, 1973, the appellants petitioned the lower court for the appointment of viewers pursuant to Section 502 of the Eminent Domain Code[1] (Code), 26 P.S. §1-502, to determine the amount of damages to which they are entitled as a result of this alleged de facto taking. They filed a separate suit in equity at the same time, alleging that the drainage "rendered the property valueless for the use intended," requesting that the Borough be enjoined from continuing to permit surface water to run onto the appellants' property and, further, asking that the Borough be compelled to open a clogged drain field. This equity action was continued on the appellants' motion in order that the viewers could proceed according to the Code. The court-appointed viewers awarded no damages, however, and the lower court, on appeal, found that there had been no de facto taking. Consequently, the court ordered that the Petition for the Appointment of Viewers be dismissed.

Subsequently, the Borough filed preliminary objections to the complaint in equity asking that it be dismissed because the matter had been previously decided

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-101 et seq.

by the law side of the court of common pleas in the eminent domain case. The lower court sustained the Borough's preliminary objections, ruling that the appellants could not state a cause of action in equity, and dismissed the complaint. The order has now been appealed to us.

We believe that our decision here is controlled by our holding in the recent case of *Lerro v. Department of Transportation,* 32 Pa. Commonwealth Ct. 372, 379 A.2d 652 (1977). The petitioners in *Lerro* also sought injunctive relief against the discharge of water onto their property, and we dismissed their petition to the extent that it sought an equitable remedy. Section 303 of the Code, 26 P.S. §1-303, specifically states that the Code is the exclusive procedure for de facto condemnation cases. *Clearview Land Development Company, Inc. v. Kassab,* 24 Pa. Commonwealth Ct. 532, 357 A.2d 732 (1976). Furthermore, our Supreme Court has held that:

> [T]he Eminent Domain Code fully protects the rights of the property owner. . . . Since the legislature has provided under the Code the exclusive proceedings in eminent domain cases, no remedy in equity is available to an injured property owner.

*Valley Forge Golf Club v. Upper Merion Township,* 422 Pa. 227, 230, 221 A.2d 292, 293-94 (1966).

The law is now clear that a property owner may not obtain an injunction where the subject matter of the complaint involves a condemnation, either de facto or by declaration. In alleging in their equity action that the Borough's grading of the alley here "rendered the property valueless for the use intended," the appellants have attempted to state a cause of action amounting to a de facto taking. The *exclusive* remedy for such a taking is provided by the Code. The appel-

lants have already exhausted the Code procedures, and even though the lower court found that they were not entitled to damages, they may not seek alternative relief by way of a complaint in equity. The lower court properly dismissed the appellants' complaint, and we will, therefore affirm its order.

ORDER

AND Now, this 18th day of August, 1978, the order of the Court of Common Pleas of Butler County dismissing the appellants' complaint in equity is hereby affirmed.