Helen E. Sholder, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued December 12, 1980, before Judges WILKINSON, JR., WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*John C. Youngman, Jr., Candor, Youngman, Gibson & Gault,* for appellant.

*William J. Cressler,* Assistant Attorney General, with him *Charles A. Buechel, Jr.,* Assistant Attorney General, *Ward T. Williams,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE WILLIAMS, JR., March 13, 1981:

Helen E. Sholder has appealed from an order of the Court of Common Pleas of Lycoming County dismissing her equity action against the Pennsylvania Department of Transportation (PennDot).

In her action below appellant Sholder averred that PennDot's plans to widen a certain highway, Legislative Route 41092, would result in part of her abutting land being taken or injured without the benefit of formal condemnation proceedings. The relief requested by Sholder's complaint was for the lower court to enjoin PennDot from entering on or taking any part of her land without formally condemning a right-of-way.

PennDot filed preliminary objections asserting, *inter alia,* that the appellant had an adequate and exclusive statutory remedy under the Eminent Domain Code[1] and that, therefore, equity jurisdiction would not attach. The lower court sustained that objection and accordingly dismissed the action.

We affirm the order of the lower court. For it has been well established by this state's appellate courts that a property owner may not obtain an injunction where the subject matter of the complaint involves a condemnation, either de facto or by declaration. *G. C. Murphy Co. v. Redevelopment Authority,* 458 Pa. 219, 326 A.2d 358 (1974); *Valley Forge Golf Club v. Upper Merion Township,* 422 Pa. 227, 221 A.2d 292 (1966); *Gerner v. Borough of Bruin,* 37 Pa. Commonwealth Ct. 271, 390 A.2d 319 (1978); *Lerro v. Department of Transportation,* 32 Pa. Commonwealth Ct. 372, 379 A.2d 652 (1977); *Clearview Land Development Co. v. Kassab,* 24 Pa. Commonwealth Ct. 532, 357 A.2d 732 (1976). The effort of the instant appellant to distinguish a prospective taking or injury from one that has occurred is meritless. A reading of the *G. C. Murphy, Valley Forge Golf Club* and *Clearview Land Development* cases will reveal that they involved unsuccessful attempts to enjoin a taking or injury that was prospective or planned.

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-101 *et seq.*

## ORDER

AND Now, the 13th day of March, 1981, the order of the Court of Common Pleas of Lycoming County at No. 79-2353, sustaining the preliminary objection of the Department of Transportation, is affirmed.