552 A.2d 1150

Claude De Botton and Richard I. Rubin & Co., t/a Marple Associates, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation and Marple Township, Respondents.

Argued June 15, 1988, before Judge SMITH, and Senior Judges KALISH and NARICK, sitting as a panel of three.

*Darryl J. May,* with him, *Michael Sklaroff* and *Joanne Phillips, Ballard, Spahr, Andrews & Ingersoll,* for petitioner.

*Michael L. Harvey,* Deputy Attorney General with him, *John G. Knorr, III,* Chief Deputy Attorney General and *LeRoy S. Zimmerman,* Attorney General, for respondent, Department of Transportation, and *Thomas M. Kettredge,* with him, *Rebecca J. Slaughter, Morgan, Lewis & Bockius,* for respondent, Marple Township.

OPINION BY JUDGE SMITH, January 24, 1989:

Marple Associates (Petitioner), a business partnership maintained by Claude De Botton (De Botton) and Richard I. Rubin & Co., filed a petition for review addressed to this Court's original jurisdiction[1], naming the

Commonwealth of Pennsylvania, Department of Transportation (DOT), and Marple Township (Township), Delaware County, as respondents. Petitioner seeks equitable relief by order declaring illegal an agreement between DOT and the Township (Agreement); and prohibiting DOT and the Township from entering into any further agreements to condemn a portion of Petitioner's land. In response, DOT filed preliminary objections asserting that Petitioner has failed to state a claim upon which relief may be granted and that this Court lacks jurisdiction. DOT also seeks dismissal on the grounds of sovereign immunity and lack of adjudicatory ripeness.

Issues presented for review are whether Petitioner has failed to state a claim to the extent it alleges that DOT does not have authority to enter into an agreement with the Township to reimburse the Township for expenses incurred in acquiring a tract of land in exchange for a right of entry upon the Township's parkland; whether this Court lacks jurisdiction to entertain Petitioner's claims that the condemnation of its land will constitute an excessive taking and will be made in bad faith and not for a public purpose; whether Petitioner's claims against DOT are barred by sovereign immunity; and whether this matter is ripe for adjudication.[2]

---

[1] Section 761(a)(1) of the Judicial Code, 42 Pa. C. S. §761(a)(1).

[2] The Township filed preliminary objections as well which will not be addressed since Petitioner's action against the Township is not within this Court's original jurisdiction. *See Clearview Land Development Co., Inc. v. Kassab,* 24 Pa. Commonwealth Ct. 532, 357 A.2d 732 (1976). Accordingly, this portion of the instant proceeding will be transferred to the Court of Common Pleas of Delaware County pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C. S. §5103(a); Pa. R.A.P. 751. Nor will this Court address DOT's additional grounds for dismissal due to the disposition of DOT's preliminary objections related to Petitioner's failure to state a claim and lack of jurisdiction.

DOT condemned 19.1 acres of the Township's Lawrence Park (Park) to construct Legislative Route 1010, known as the Blue Route (Blue Route). The Township subsequently requested DOT to provide replacement parkland for the condemned portion of the Park pursuant to DOT's duty to minimize harm to the Park under federal and state law.[3] DOT thereafter entered into the Agreement with the Township on February 2, 1988. DOT agreed to reimburse the Township for all expenses incurred in the Township's condemnation of 26.265 acres of Petitioner's land, located adjacent to the Park. Petitioner's land is to be used as replacement parkland in exchange for the Township's grant to DOT of a right of entry upon the condemned 19.1 acres of the Park.

DOT initially contends that Petitioner's averments contained in Counts I-IV of the petition fail to state a claim upon which relief may be granted since DOT has authority to enter into an agreement with the Township to reimburse the Township for expenses incurred in acquiring replacement parkland in exchange for a right of entry upon the condemned portion of the Park. Preliminary objections in the nature of a demurrer admit as true all well-pleaded facts, excluding conclusions of law, unwarranted factual inferences, argumentative allegations and opinions. Nor are such preliminary objections to be granted unless it is clear from the face of the pleadings that the law will not permit the relief sought. Any doubts must be resolved against granting the demurrer. *Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976); *Paratransit Association of Delaware Valley, Inc. v. Yerusalim,* 114 Pa. Commonwealth Ct. 279, 538 A.2d 651 (1988).

---

[3] *See* Section 138 of the Federal-Aid Highway Act (Highway Act), 23 U.S.C. §138; 23 C.F.R. §712.604 (1974); The Administrative Code of 1929 (Code), Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §§51-732, particularly Section 2002(b)(7) of the Code, 71 P.S. §512 (b) (7) .

Petitioner's averments in Counts I-IV challenge the legality of the Agreement. Count I avers that the Agreement violates Section 2001.2 of the Code,[4] 71 P.S. §511.2, since DOT's expenditures are not for transportation purposes. Petitioner claims that the expenditures will be used instead to finance the Township's unlawful scheme to thwart development; punish De Botton for prior successful litigation against the Township which established his right to construct a mobile home park elsewhere in the Township; and acquire leverage to coerce De Botton to abandon his mobile home development plans.

Contrary to Petitioner's assertions, evidence of record clearly demonstrates that DOT's contemplated expenditures under the Agreement are for replacement parkland. DOT, by virtue of Section 2001.2, is to disburse funds in accordance with Article VIII, Section 11 of the Pennsylvania Constitution which provides, *inter alia,* for construction of public highways as well as expenses incident thereto and for the payment of obligations incurred for such purpose. That this is a proper purpose is further evidenced by DOT's authority to enter into all necessary agreements with proper political subdivision agencies. DOT is also empowered to do all that is necessary and proper to obtain benefits afforded under any act of the United States Congress, the General Assembly of the Commonwealth of Pennsylvania or the governing body of any political subdivision for any purpose connected with DOT. Section 2001.1 of the Code,[5] 71 P.S. §511.1. Also relevant here are DOT's powers and duties to acquire land for transportation purposes by gift, purchase, condemnation or otherwise; cooperate with political subdivisions in the coordination of developmen-

---

[4] Added by Section 12 of the Act of May 6, 1970, P.L. 356.

[5] Added by Section 12 of the Act of May 6, 1970, P.L. 356.

tal plans and policies; and consider the effects of transportation projects on parks. Section 2003(e)(1) of the Code, 71 P.S. §513(e)(1); Section 2002(a)(7), (b)(7) of the Code. Ample statutory authority thus clearly exists to support DOT's contemplated expenditures under the Agreement and sustain its demurrer as to the averments advanced in Count I.

Petitioner further avers in Count II that DOT cannot condemn Petitioner's land under Section 2003 of the Code and thus may not reimburse the Township for its costs of condemnation. Petitioner avers that the Agreement improperly expands DOT's authority to acquire property by appropriating the Township's condemnation power as its own, or, in the alternative, improperly delegates DOT's authority to the Township. To the contrary, DOT could have acquired Petitioner's land absent the Agreement as a necessary and proper measure to meet its obligation to minimize harm to the condemned portion of the Park. Regulations at 23 C.F.R. §712.604 (1974) in conjunction with Section 138 of the Highway Act contemplate that this harm may be minimized by the acquisition of functional replacement land. Likewise, Section 2002(b)(7) of the Code requires DOT to consider the effects of its transportation projects on recreation and parks. Nor is DOT improperly delegating its authority to the Township inasmuch as the Township has full authority to condemn land for park purposes. Section 3001 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §58001. Petitioner's averments, therefore, even if proven, are insufficient as a matter of law to establish any right to relief under Count II. Accordingly, DOT's demurrer thereto is sustained.

Count III contains Petitioner's averment that DOT's financial commitment to the Township under the Agreement is uncertain, unbudgeted and unapproved in viola-

tion of Section 2003(e)(1) of the Code and any disbursement to the Township thereby rendered illegal. Section 2003(e)(1) requires that land not be acquired by DOT for any capital project unless the project is itemized in an approved budget. Petitioner does not aver that an itemized budget has not been approved for construction of the Blue Route but only that the amount to be reimbursed under the Agreement has not yet evolved into a sum certain. Section 2003(e)(1), however, neither explicitly nor implicitly requires that all contemplated expenditures for a capital project be reduced to a sum certain before land may be acquired for the project. Accordingly, Petitioner's Count III averments are also insufficient as a matter of law.

Similarly, Petitioner's averments in Count IV fall short. Petitioner avers that DOT's reimbursement to the Township for replacement parkland is not authorized by Section 2001.1 of the Code since Petitioner's land is not the functional equivalent of the condemned portion of the Park; and that the proposed condemnation of Petitioner's land thereby endangers federal funding. Petitioner further avers that the condemned portion of the Park consists of only 19.1 acres of marginally used and steep-sloped creek bed as contrasted with the proposed condemnation of 26.265 acres of Petitioner's prime development real estate. "Functional replacement" is defined in 23 C.F.R. §712.604(b) as land which will provide equivalent utility as the land acquired for highways. Petitioner does not allege that the land acquired by the Township will not be used as parkland. Section 2001.1 of the Code allows the Secretary of DOT reasonable discretionary latitude in determining what action to take in furtherance of DOT's objectives and duties. Such discretion, as here, is not to be judicially disturbed absent abuse. *See Speicher Condemnation Appeal*, 58 Pa. Commonwealth Ct. 321, 428 A.2d 282 (1981); *Clearview Land*

*Development Co., Inc. v. Kassab,* 24 Pa. Commonwealth Ct. 532, 357 A.2d 732 (1976). No abuse of discretion having been shown, DOT's demurrer to Count IV is likewise sustained.

DOT also objects to this Court's original jurisdiction to entertain averments of the petition regarding excessive taking and bad faith contained in Counts V-VI. This Court's original jurisdiction encompasses all civil actions or proceedings against the Commonwealth government, including any officer thereof, acting in an official capacity, except, *inter alia,* eminent domain proceedings. Section 761(a)(1)(ii) of the Judicial Code, 42 Pa. C. S. §761(a)(1)(ii). where a remedy is available through the Eminent Domain Code[6], this Court is without original jurisdiction. *See Lerro v. Department of Transportation,* 32 Pa. Commonwealth Ct. 372, 379 A.2d 652 (1977). Here, Petitioner may properly raise these issues in eminent domain proceedings before the Court of Common Pleas of Delaware County. *See* Sections 303, 401, 406, 502 of the Eminent Domain Code, 26 P.S. §§1-303, 1-401, 1-406, 1-502; *Speicher Condemnation Appeal; City of Philadelphia Appeal,* 40 Pa. Commonwealth Ct. 409, 398 A.2d 224 (1979). This Court is therefore without original jurisdiction to entertain the averments contained in Counts V-VI of Petitioner's petition seeking equitable relief.

Accordingly, DOT's preliminary objections to the matter *sub judice* as addressed herein are sustained and Petitioner's action is hereby transferred to the Court of Common Pleas of Delaware County for disposition of the averments contained in Counts V-VI of the Petition for Review as well as the action against the Township and the Township's preliminary objections thereto.

---

[6] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§1-101—1-903.

## ORDER

AND NOW, this 24th day of January, 1989, the preliminary objections of the Commonwealth of Pennsylvania, Department of Transportation, as addressed in this opinion, are hereby sustained, and Petitioner's action is transferred to the Court of Common Pleas of Delaware County for disposition of the averments contained in Counts V-VI of the Petition for Review as well as the action against the Township and the Township's preliminary objections thereto. The Chief Clerk shall certify to the Prothonotary of said Court the record of the above-captioned matter in its entirety together with a copy of this opinion and order.

Judge MACPHAIL did not participate in the decision in this case.