## Cooper v. Stewartstown Borough

*Edward B. Golla,* for plaintiffs.
*Ronald Perry,* for defendant.

CASSIMATIS, *J.,* June 16, 1989 — This matter is before the court on defendant's preliminary objections to plaintiffs' complaint.

On October 4, 1984, the 28 plaintiffs instituted this action by filing a complaint against Stewartstown Borough, seeking declaratory relief, establishing that Stewartstown Borough Ordinance 84-01 is "unreasonable, confiscatory, a denial of due process and an unnecessary infringement upon constitutionally protected private property rights, that is ultra vires and, threfore, unlawful legislation." We interpret this language to constitute a request for a declaratory judgment invalidating the subject ordinance in order to exempt plaintiffs from complying with mandatory connection to the water system.[1] Additionally, plaintiffs seek to be compen-

1. We note plaintiffs' error in captioning this matter as a civil

sated for a de facto taking of property rights should the ordinance be upheld.

The ordinance in question states, within the preamble, that the Stewartstown Borough Authority was created for the purpose of acquiring the privately-owned Stewartstown Water Company and that the Borough Authority was vested with the power to construct additions, extensions and improvements to enhance the existing water system. In furtherance of the stated purpose, section 2 of 84-01 requires that "any occupied building upon property in the borough which is now or hereater becomes accessible to the water system, shall, at their own expense, connect such building with the water system within 60 days after notice to do so." "Property accessible to the water system," as stated within the definitional section of the ordinance, means improved property which adjoins, abuts on, or is adjacent to the water system.

The property of each of the plaintiffs falls within this definitional scope. Each of the plaintiffs has used a private water well system to date which he or she does not wish to abandon as mandated by the ordinance. Plaintiffs have been provided with notice to comply with the ordinance, but refuse citing the expense of conversion and reluctance to sacrifice their potable water systems for water allegedly far inferior in quality. This refusal has been made in the face of section 3 which makes the connection with or use of any other water system, public or private, unlawful after the prescribed time period of 90 days expires.

Defendant, Stewartstown Borough, raises several

---

action at law, where the plaintiffs have sought a remedy which is equitable in nature.

preliminary objections which were filed on October 24, 1984, in the form of motions to dismiss this action for:

(1) Failure to join Stewartstown Borough Authority, a necessary and indispensable party, as a defendant;

(2) Failure to join all citizens of Stewartstown Borough, as necessary and indispensable parties, since they are affected by disposition of this matter;

(3) Failure to exercise the exclusive statutory remedy of petitioning for appointment of board of viewers under the Eminent Domain Code;

(4) Failure to establish the lack of an adequate remedy at law.

We defer our consideration of points one and two in view of the more serious issues presented by points three and four. The first of these points alleges that the failure to exercise the exclusive remedy of petitioning for appointment of a board of viewers warrants granting a motion to dismiss this action.

If there has been a compensable injury suffered and no declaration of taking filed, a condemnee may file a petition for the appointment of viewers, substantially in the form provided for in subsection (a), setting forth such injury. 26 P.S. §1-502(e). The Joint State Government Commission, in its comment to the 1964 report, opined that subsection (e) was necessary to cover the situation where there is in fact a compensable injury, but the condemnor has not filed a declaration of taking with reference thereto.

"As equity has no jurisdiction where there exists an adequate remedy at law. . ." the Eminent Domain Code is, by its own terms, the complete and exclusive remedy for condemnation cases, de facto or otherwise. *Lerro v. Commonwealth, Department of Transportation,* 32 Pa. Commw. 372, 379 A.2d 652 (1977); 26 P.S. §1-303. Court of common pleas'

equity jurisdiction has been successfully challenged where property owners brought suit against the Department of Transportation for trespass, nuisance and de facto condemnation as opposed to seeking relief pursuant to the Eminent Domain Code. *Id.* Additionally, injunctive relief has similarly been deemed inappropriate. *Gerner v. Borough of Bruin,* 37 Pa. Commw. 271, 390 A.2d 319 (1978). Therefore, we conclude that defendant's objection is valid and well taken.

The proper fashion for presenting the issue of a taking and any damages which may inure must be to petition this court for the appointment of a board of viewers in the manner set forth in 26 P.S. §1-502(a). The defendant or defendants may then pose preliminary objections, if any are presented. This court shall then determine if the factual averments of the petition state a legal cause of action, resolve all factual disputes raised by the pleadings and determine whether a de facto taking has occurred before the matter may actually proceed to the board of viewers. *In re Condemnation of 14 E. Maple Street, New Castle,* 26 Pa. Commw. 387, 363 A.2d 857 (1976). Thus, we grant defendant's motion to dismiss for failure to exercise the exclusive statutory remedy as to the "taking" issue.

Defendant also seeks to dismiss this action for failure to establish the lack of an adequate remedy at law. While this is true with reference to the issue of de facto taking, it is equally valid as to the second type of relief sought by plaintiffs, namely, the declaration that the ordinance is invalid. A complaint as to the legality of any ordinance or resolution may be made to the court. 53 P.S. §46010 (contained within what is popularly known as the Borough Code). The court of common pleas has no jurisdiction to determine the legality of a borough ordinance in a

declaratory-judgment action, since this section provides a complete and adequate remedy for testing the legality of such an ordinance. *In re Ridgway Borough Ordinance,* 12 D.&C. 2d 584 (1959).

Although the language of section 6010 has been altered by amendment since *Ridgway,* these alterations involve the time period within which a complaint must be filed and do not affect the substantive nature of the remedy provided. Therefore, we conclude that plaintiffs' declaratory-judgment action is not the proper avenue to seek redress and as presented, this court does not have jurisdiction over the matter.

We do note that the 30-day limitation on the time for presenting a complaint has been eliminated from the language of section 46010 as presently drafted. No case law in this area has applied the amended section in such a way that would indicate that this requirement is still imposed. However, these cases largely were brought under the prior statute which included the 30-day limitation. We find no reason that plaintiffs are precluded from challenging the ordinance pursuant to section 46010.[2] We grant defendant's motion to dismiss for

2. We do observe, however, that four years have lapsed between the filing of the complaint and the preliminary objections hereto, before plaintiffs responded. Although relative inaction was exhibited by both parties, it was clearly the plaintiff's burden to respond to the preliminary objections by pleadings or resolution of contested issues.

We note by way of background information that this matter was the subject of an order dated September 14, 1987, in which President Judge Joseph E. Erb entered the following order:

"And now, September 14, 1987, it appearing in the above case where was listed for call for termination on this date pursuant to Pa.R.J.A. 1907 and York County Rule 255, objection to termination having been filed, it is ordered that unless such case shall be reduced to judgment or final order or otherwise terminated of record by the second Monday of September 1988, such case shall be terminated

failure to exercise an adequate remedy at law as to the issue of declaration of the invalidity of the ordinance at issue.

In light of the foregoing conclusions, we do not need to address points one and two concerning failure to join necessary or indispensable parties. These issues were presented with reference to procedural constraints for bringing declaratory action. Since such a remedy has been deemed improper, a discussion of joinder in such instances is unnecessary. We do, however, direct plaintiffs' attention to the requirements for petitioning a board of viewers addressing the naming of the condemnor/acquiring agency as found in 26 P.S. §1-101 et seq. which direct the manner in which the action should be captioned.

Accordingly, we enter the following

## ORDER

And now, June 16, 1989, it is ordered and directed as follows:

Defendant's motion to dismiss for failure to exercise an exclusive statutory remedy is granted with respect to the "taking" issue. Plaintiffs' remedy lies within 26 P.S. §1-101 et seq., specifically 26 P.S. §1-502 which provides for petitioning for the appointment of a board of viewers.

Defendants' motion to dismiss for failure to establish an adequate remedy at law is granted with respect to plaintiffs' action to declare Stewartstown Borough Ordinance 84-01 invalid. Plaintiff's rem-

with prejudice upon the call of the list for termination as of that date. By the court: Joseph E. Erb., *P.J.*"

Upon the calling of the list for termination, this matter was not terminated by general order since notice of termination had not been provided to the plaintiffs. Plaintiffs were, however, provided a copy of the original order of September 14, 1987.

edy lies within 53 P.S. §46010 which permits the filing of a complaint to challenge the legality of any ordinance or resolution.

Defendants' motions to dismiss for failure to join Stewartstown Borough Authority or citizens of Stewartstown as necessary and indispensable parties are not considered since they address joinder requirements pursuant to a declaratory action which we have concluded is an improper remedy.

The prothonotary shall provide notice of the entry of this opinion and order as required by law.