547 A.2d 452

Daniel J. Sullivan et al. *v.* County of Bucks et al. North Wales Water Authority et al. *v.* Neshaminy Water Resources Authority et al. County of Bucks and Carl F. Fonash and Lucille M. Trench, Appellants.

Daniel J. Sullivan et al. *v.* County of Bucks et al. North Wales Water Authority et al. *v.* Neshaminy Water Resources Authority et al. Neshaminy Water Resources Authority, Appellant.

Argued June 15, 1988, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and MCGINLEY.

*John Koopman,* with him, *William J. Carlin,* and *Richard M. Rosenbleeth, William E. Taylor, III,* and *Glenn S. Gitomer, Blank, Rome, Comisky & McCauley,* and *James M. McNamara,* County Solicitor, for appellant, County of Bucks.

*Gordon W. Gerber,* with him, *Fred T. Magaziner* and *George G. O'Brien, Dechert, Price & Rhoads,* for appellant, Neshaminy Water Resources Authority.

*Jeremiah J. Cardamone,* with him, *Ann Thornburg Weiss* and *Joseph M. Bagley, Timoney, Knox, Hasson & Weand,* for appellees, North Penn and North Wales Water Authorities.

*Bernard Chanin,* with him, *Jeffrey S. Saltz, Wolf, Block, Schorr and Solis-Cohen,* and *Robert W. Valimont, Power, Bowen & Valimont,* for appellee, Philadelphia Electric Company.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 24, 1988:

The County of Bucks (County) and the Neshaminy Water Resources Authority (Authority) have filed appeals from a Bucks County Common Pleas Court supplemental decree and order directing the Authority to take all action necessary to award four construction contracts related to the Point Pleasant Water diversion project (Project) and the County to approve the awards. The appeals were consolidated, briefs were filed and the matter proceeded to oral argument. Five days prior to argument, the County filed a praecipe to withdraw its appeal (No. 944 C.D. 1987). Withdrawal is granted.

The County has also filed a praecipe to substitute itself for the Authority and to likewise withdraw that appeal (No. 945 C.D. 1987). The County avers that it has acquired the Project pursuant to Ordinance No. 76 adopted by the Board of County Commissioners on May 11, 1988. This acquisition was confirmed by order and opinion of President Judge ISAAC GARB of the Bucks County Common Pleas Court, dated May 26, 1988, in which he states that the Authority no longer has a valid, substantial interest in the Project.[1] Accordingly, the County avers that the proposed substitution here may be proper. We note, however, that President Judge GARB's decision has been appealed to this Court.[2] For that reason, and because we are concerned with the procedural soundness of the County's substitution, we will proceed to address the merits of the Authority's appeal.

This matter has a long and complicated history; we recite the following essential facts. In *Sullivan v. County*

---

[1] This opinion and order is docketed in the Bucks County Common Pleas Court, Civil Division, at No. 88-04029-05-5.

[2] An appeal was filed by the environmental group Del Aware and is docketed at No. 1657 C.D. 1988.

*of Bucks,* 92 Pa. Commonwealth Ct. 213, 499 A.2d 678 (1985), *appeal denied,* 516 Pa. 623, 532 A.2d 21 (1986) (*Sullivan I*), this Court affirmed a decree of specific performance requiring the Authority to complete construction of the Point Pleasant Pumping Station and the combined transmission main and ordering the County to likewise comply with its contractual obligation to insure completion.

After exhaustion of its appeals, the County and the Authority initiated extensive meetings and correspondence to implement the order and award the necessary contracts.[3] Contract bids necessary to the pumping station were submitted to the Authority before March 17, 1987. However, the Authority delayed acting on the contract bids upon receipt of a Department of Environmental Resources (DER) letter of March 26, 1987, advising it that certain permit applications and extensions were pending and under review.[4] Philadelphia Electric Company (PECO) and North Penn and North Wales Water Authorities (NP/NW), appellees herein, promptly filed a petition for supplemental relief to compel the contract awards which after hearing resulted in the decree now before us.[5]

---

[3] President Judge GARB appointed a special master to mediate any disputes that might arise in the implementation of the decree and to determine whether bids received on the contracts were proper in form.

[4] Appellees each allege that the County and the Authority actively solicited the letter from the Secretary and in fact had it hand-delivered at the very time at which the Authority was to award the contracts.

[5] The County and the Authority promptly filed appeals with this Court. Pursuant to Pa. R.A.P. 1736(b), the appeal operated as an automatic supersedeas. PECO and NP/NW petitioned the common pleas court to lift the supersedeas, which after conference and argument, the court granted. The County and the Authority then appealed to this Court for restoration of the supersedeas, which was denied by Order dated May 8, 1987.

At the outset, we note that our scope of review in equity matters is limited to determining whether the Chancellor committed an error of law, abused his discretion or made findings of fact that are unsupported by substantial evidence. *Sullivan I.*

NWRA initially contends that based on the advisements within the March 26 DER letter, the common pleas court erred in ordering that the construction contracts be awarded. It reasons that any brief delay in construction would not have harmed PECO or NP/NW.

Such arguments are misplaced and have previously been addressed in *Sullivan I,* wherein we stated:

> [T]he argument that a degree [sic] of specific performance should await resolution of pending regulatory matters is untenable. Obviously, a project of this magnitude has to be built one step at a time. If every permit and requirement were a sine qua non to the other, it could never be built. The parties obviously contemplated that all permits would not be in place at the time of construction in light of the Construction and Operation Agreement's provisions regarding withdrawal in the event necessary permits are not issued.

92 Pa. Commonwealth Ct. at 234, 499 A.2d at 690.

The Authority further argues that the common pleas court erred in denying its cross petition to modify the earlier decree in light of alleged alternatives which have since become available to PECO and NP/NW. It contends that the availability of Schuylkill River water, as well as water from three other sources,[6] constitutes changed circumstances which warrant a dissolution or modification of the decree. Lastly, the Authority asserts

[6] Philadelphia Suburban Water Company, the City of Philadelphia and Bucks County Water and Sewer Authority.

that the common pleas court erred in failing to consider and rule upon this new evidence. Again, we disagree.

It comes as no surprise that during the lengthy delays created by this litigation and the political maneuvering surrounding the Project, alternative water sources would be investigated and, where possible, utilized on an interim basis. There is nothing in the record, however, to suggest that such alternatives would be obtainable on long-term bases or that they would receive regulatory approval. Moreover, similar alternatives have been proposed since the Project's genesis and they have been repeatedly considered and rejected. Notwithstanding the presence of water supply "offers" and temporary relaxations of water temperature restrictions, we hold that the common pleas court committed no error in refusing to modify its earlier decree. Such proposals are superfluous attempts by Project opponents to avoid or prolong its contractually mandated completion.

In conclusion, we hold that the common pleas court judge, acting as chancellor, properly invoked his equitable authority in this matter by issuing the supplemental decree ordering the construction contracts to be awarded so that the Project construction may proceed. *Butler County v. Pittsburgh, Harmony, Butler and New Castle Railway Co.*, 298 Pa. 347, 148 A. 504 (1929).

Affirmed.

## ORDER

The praecipe filed by Bucks County to withdraw its appeal is granted (No. 944 C.D. 1987); its praecipe to substitute itself for the Neshaminy Water Resources Authority and withdraw that appeal is denied (No. 945 C.D. 1987).

The Memorandum, Supplemental Decree and Order of the Bucks County Common Pleas Court, No. 83-8358-05-05 April 30, 1987, is affirmed.