# Neshaminy Water Resources Authority v. 0.754 Acres of Land on Swauger Road, Plumstead Township, Bucks County

*Allan K. Grim Jr.,* for plaintiff.
*Robert Sugarman,* for defendant.

SOKOLOVE, *J.,* June 22, 1990 — The Neshaminy Water Resources Authority, a municipal authority organized by the Commissioners of Bucks County, filed two declarations of taking for perpetual easements and rights-of-ways to certain property in Plumstead Township, Bucks County, Pennsylvania. The declaration docketed at no. 87-000602-15-4 concerned 0.754 acres of land owned by William F. Muller, Fred W. Muller and Louise Muller. The declaration docketed at no. 87-000567-12-4 concerned 0.438 acres of land owned by James A. Moran and Doris W. Moran, his wife. The condemnations were made pursuant to the Municipality Authorities Act of 1945, as amended, 53 P.S. §314, and authorized by resolutions of the NWRA Board at a regular meeting on January 15, 1987. The condemnations were made for the construction of water transmission lines in connection with the fabrication of the Point Pleasant Pumping Station and the Neshaminy Water Supply System (the infamous "Pump Project").

Condemnees Fred Muller and the Morans filed preliminary objections to the declarations of taking, which were consolidated by stipulation before us for decision. We denied and dismissed the preliminary objections. Fred Muller alone has appealed our decision.

The condemnee's (Muller's) preliminary objections consisted of the following:

(1) The condemnor is without authority to condemn, in that the project is not for a public purpose, of the condemnor but rather for the private purpose and utilization of others.

(2) The condemnor is without authority to condemn in that the project is arbitrary and capricious, contrary to reason, and unneeded.

(3) The condemnor is without power to condemn, in that the project unnecessarily intrudes on the environment in violation of Article 1, section 27 of the Pennsylvania Constitution.

(4) The condemnor is without power to condemn, in that the condemnor has violated condemnee's constitutional rights to due process of law and equal protection of the laws.

In denying the preliminary objections, we cited *Fairview Water Company v. Pennsylvania Public Utility Commission,* 509 Pa. 384, 502 A.2d 162 (1985) and *Wilson v. Western Pennsylvania Water Company,* 60 Pa. Commw. 312, 430 A.2d 1247 (1981) for the proposition that challenges to the power or validity of a taking of an easement or a right-of-way, as opposed to a fee interest, may not be raised by preliminary objections to a declaration of taking but must be raised through an action in equity.

Pursuant to our order, the condemnee filed a statement of matters complained of on appeal. To

adequately discuss our decision in light of the condemnee's complaints, we will repeat that statement here:

."(1) The court erred in relying on the *Fairview Water* case and the *Western Pennsylvania Water* case, in that both cases involve powers given to 'public utility corporations,' and the exercise of such power to acquire easements; whereas, the condemnor here, the Neshaminy Water Resources Authority, is not a public utility, and is an authority under the Municipal Authorities Act, and therefore is not granted the condemnation power conferred on water companies by section 322 of the Business Corporation Law, nor by 15 P.S. §3241, relied upon in the `Western Pennsylvania Water Company` case, nor does it have the powers conferred on public utilities by the provision of the Corporation Code, 15 P.S. 1322.

"(2) Insofar as the condemnor is subject to the statutes applicable to public utilities, it may not exercise the right of eminent domain, by virtue of 66 Pa.C.S. §1104, which prohibits the use of eminent domain by a public utility unless and until such public utility has a certificate of public convenience required by section 1101 of the Public Utility Code, 66 P.S. §1101; whereas, the court below apparently regarded the condemnor as a public utility, but did not apply section 1104.

"(3) The power conferred by section 3241 of Title 15 relied upon by the court in *Western Pennsylvania* and by the court herein, is inapplicable to the condemnor, even if it is a water company, because such section was repealed insofar as it relates to non-profit corporations by sections 1102 and 1103 of the Non-Profit Corporation Law of 1933, 15 P.S. §§8102 and 8103, and repealed by the Act of November 15, 1972, P.L. 1063, no. 271, §5; whereas, the condemnor herein is a non-profit

corporation, it is not granted the powers granted to companies by section 3241, and therefore the *Western Pennsylvania* case does not apply.

"(4) Insofar as the court relies upon the *Fairview* case, and that case, in turn, relies upon 15 Pa.C.S. §1322, such section does not control, and therefore, the *Fairview* case is not controlled, because section 1322 only applies to condemnations by public utilities, and while *Fairview* was a public utility, condemnor is not.

"(5) The taking herein requires that the condemnor take a freehold in the surface, in order to perfect its access, and moreover, requires that the condemnor take the right to exclusive possession of the surface for an indefinite period, in the event of need for repair; and therefore, the taking is required to be a fee simple absolute pursuant to section 1322(D), such that in the event section 1322 does confer the power of condemnation on the condemnor, the condemnor must take a fee simple, and pursuant to section 1322(H), must take therefore to come within the Eminent Domain Code.

"(6) The declaration of taking specified that the power of condemnation exercised herein by the condemnor was conferred on the condemnor pursuant to the Municipalities Authority Act, 53 P.S. 314, and therefore the court erred in construing the condemnation as occurring pursuant to the statutory authorities cited in the *Fairview* and *Western Pennsylvania* cases (if the court did so construe).

"(7) If, on the other hand, the court did not construe the condemnation as occurring pursuant to one of those authorities, then the provisions of the Eminent Domain Code apply because there is no exemption that is applicable. The exemption from the Eminent Domain Code procedures provided by 26 P.S. §1-901 does not exclude the Eminent Domain Code provisions, because the Municipalities

Authority Act, unlike the Corporation Code, relied upon in the *Fairview* and *Western Pennsylvania* cases, provides no 'procedure for condemnation' and therefore application of the procedures of Article IV of the Eminent Domain Code would not modify any such statute."

The condemnee's criticism of our decision is based upon irrelevancies, distinctions without substance and misstatements of the law and the facts. We will supply a brief analysis of the cases we relied upon and our interpretation of them to explain our reasoning.

Both cases, *Wilson v. Western Pennsylvania Water Company,* 60 Pa. Commw. 312, 430 A.2d 1247 (1981) and *Fairview Water Company v. Pennsylvania Public Utility Commission,* 509 Pa. 384, 502 A.2d 162 (1985) hinged upon the saving clause in section 901 of the Eminent Domain Code, 26 P.S. §1-901 which was in effect at the time of the filing of the declaration of taking in this matter.[1] The saving clause provided in pertinent part:

"This act shall not . . . repeal, modify or supplant any law insofar as it confers the authority or prescribes the procedure for condemnation of rights-of-way or easements for occupation by water, electric, gas, oil and/or petroleum products, telephone or telegraph lines used directly or indirectly in furnishing service to the public. If the condemnation for occupation by water, electric, gas, oil and/or petroleum products, telephone or telegraph lines consists of the taking of a fee, all the provisions of this act shall be applicable."

In the *Wilson* case, landowners had instituted an equity action contesting the legality of a condemnation of easements by a water company, as well as

---

1. This section was effective until October 1, 1989 and has since been partially repealed and replaced by an abbreviated saving clause.

seeking injunctive relief. The Commonwealth Court held that equity was the proper forum, indeed the only forum, in which to challenge the power to condemn an easement. After reviewing the aforementioned section 901, 26 P.S. §1-901, the court specifically stated:

"Thus, those issues raised by appellants dealing with the scope and authority of the taking could not be raised by preliminary objections to a declaration of taking, the procedure mandated by section 406(a) of the Eminent Domain Code, 26 P.S. §1-406(a), since the code is not applicable to a challenge to the taking of an easement." 60 Pa. Commw. at 316-7, 430 A.2d at 1249. (citations omitted)

The court noted that the relevant statutory authority granting condemnation power to water companies, 15 P.S. §§1322 and 3241,[2] and establishing the procedure for such condemnations, 15 P.S. §§3021 through 3023,[3] did not provide a method for challenging the power or validity of a condemnation. Recognizing that the landowners had the right to a determination of the legality of the taking, the court found that such a right existed in equity, as the Supreme Court had held in *Redding v. Atlantic City Electric Co.,* 440 Pa. 533, 269 A.2d 680 (1970).

Similarly, the Supreme Court in the *Fairview* case was faced with the question of where jurisdiction lies to adjudge the scope and validity of a taking of a right-of-way. There, the Pennsylvania Public Utility Commission, in ruling upon an application of a public utility corporation pursuant to 15 P.S. §1322 for a finding that an electric transmission line was necessary or proper for the public, also assessed the scope and validity of the easement

---

2. Repealed effective October 1, 1989.

3. Repealed, and subject matter now found at 15 Pa.C.S. §1511.

taken by the utility for the maintenance of the line. The court held that the Public Utility Commission had no power to determine the legality of a taking when a public utility attempts to condemn a less-than-fee interest in property and that the issues of scope, validity and damages of the condemnation must be determined by a court of common pleas exercising equity jurisdiction. To reach this result, the court reasoned that the condemnation power of a public utility was derived from the Business Corporation Law, 15 P.S. §1322(c) and the Eminent Domain Code, 26 P.S. §1-101 et seq. It then stated:

"The Eminent Domain Code sets forth generally the applicable procedures to guarantee due process in the taking of a person's property. A public utility corporation is required to comply with the procedures set forth in the Eminent Domain Code when taking property for utility services. 15 P.S. §1322(h). This includes filing of a declaration of taking, the appointment of a board of viewers, and assessment of monetary damages if an agreement cannot be reached between the parties. *However, the Eminent Domain Code specifically holds it is not applicable to a condemnation of a right of way by a utility. 26 P.S. §1-901. Therefore, the Eminent Domain Code explicitly excludes the type of case now before us, such that a condemnee cannot avail itself of the procedures set forth in the Eminent Domain Code when questioning the scope and validity of an easement."* 509 Pa. at 392, 502 A.2d at 166. (emphasis supplied)

From these appellate court opinions we drew the general conclusion that questions concerning the validity of a condemnor's taking of an easement or a right-of-way were not cognizable under the procedures of the Eminent Domain Code but must be brought by an action in equity. Although the con-

demnors in these cases were a water company and a public utility corporation respectively, subject to certain provisions of the Business Corporation Law, the condemnors' status was not critical to the plain and unambiguous statements by the courts that the Eminent Domain Code is not applicable to a less-than-fee taking. The fact that the condemnor in the instant matter, the NWRA, was not a water company or a public utility corporation, but was a municipal authority unaffected by the Business Corporation Law, was not significant for the purposes of our decision and did not detract from our use of the *Wilson* and *Fairview Water Company* opinions as valid precedents.

Our response, therefore, to paragraphs 1, 2, 3, 4 and 6 of the condemnee's statement of matters complained of is simple. We did not consider the NWRA to be a water company nor a public utility, we did not rely upon 15 P.S. §§1322 and 3241 in any way, we did not regard the condemnation here as one permitted by 15 P.S. §§1322 and 3241 or any other enabling statutes referred to in the *Wilson* and *Fairview Water Company* cases, and we fully appreciated that the NWRA exercised its condemnation power pursuant to the Municipalities Authority Act, 53 P.S. §314. That the precise facts and the condemning entity here differed from those of the cases we cited does not matter. The complicated distinctions the condemnee attempts are obfuscatory. The Eminent Domain Code's saving clause, which is applicable to this case, 26 P.S. §1-901, excepts condemnations of rights-of-way or easements for occupation by water for service to the public by any condemning authority from the code's procedural requirements. The condemnation before us is of an easement and right-of-way for occupation by water for service to the public.

In paragraph 5 of his statement, the condemnee, for the first time in this litigation, improperly tries to alter the facts of record. The declaration of taking filed by the NWRA specifies a condemnation of an easement and right-of-way, not a fee simple. The condemnee cannot convert the taking to a fee simple by suggestion. In any event, given the declaration, the NWRA may not take a fee simple interest.

We reject the contentions in paragraph 7 of the condemnee's statement for the reasons already stated. Whatever the law which empowers the condemnation, the courts have decreed that equity is the proper forum for the type of challenge mounted by the condemnee. Preliminary objections pursuant to section 406 of the Eminent Domain Code, 26 P.S. §1-406, may not repeal, modify or supplant the recognized procedure in equity. 26 P.S. §1-901. Moreover, the Municipalities Authority Act and the Business Corporation Law treat condemnation in the same fashion. The *Wilson* court pointed out that the corporate law, while providing for condemnation, did not provide a method for challenging the power or validity of a condemnation. 60 Pa. Commw. at 317, 430 A.2d at 1249. Thus, equity filled the vacuum. Just as the various corporate and utilities statutes applicable in *Wilson* and *Fairview Water Company,* the County Code, applicable to the NWRA according to 53 P.S. §314, authorizes condemnation and sets forth procedures for the assessment and satisfaction of damages and the appointment of viewers. It does not, nor do the other statutes, contain procedures for contesting the power or right of a condemnor to condemn. Only the Eminent Domain Code in section 406 spells out this procedure.

For these reasons, we believe we correctly dismissed the condemnee's preliminary objections.

The preliminary objections could also have been overruled on other grounds. Pursuant to the Eminent Domain Code, preliminary objections to a declaration of taking are limited to and are the exclusive method of challenging the power or right of a condemnor to appropriate the condemned property *unless the same has been previously adjudicated.* 26 P.S. §1-406. The condemnee's preliminary objections, by their own terms, are directed exclusively to the power and right of the NWRA to condemn for the Pump Project. All the issues raised by the preliminary objections have been previously and exhaustively adjudicated in the courts and administrative agencies of this commonwealth. We refer to *Sullivan v. County of Bucks and Neshaminy Water Resources Authority,* 43 Bucks L. Rep. 183 (1983), 44 Bucks L. Rep. 242 (1984), 44 Bucks L. Rep. 267 (1984), 46 Bucks L. Rep. 98 (1985), aff'd. 92 Pa. Commw. 213, 499 A.2d 678 (1986), alloc. den. 516 Pa. 623, 532 A.2d 21 (1986), 46 Bucks L. Rep. 270 (1985), 146 Bucks L. Rep. 354 (1985), 119 Pa. Commw. 150, 547 A.2d 452 (1988); *Delaware Unlimited Inc. v. Commonwealth of Pennsylvania, Department of Environmental Resources,* 96 Pa. Commw. 361, 508 A.2d 348 (1986), alloc. den. 523 A.2d 1132 (1987), 99 Pa. Commw. 634, 513 A.2d 593 (1986), alloc. den. 527 A.2d 547 (1987), 121 Pa. Commw. 582, 551 A.2d 1117 (1988); *Philadelphia Electric Company v. Commonwealth of Pennsylvania, Department of Environmental Resources,* 108 Pa. Commw. 7, 529 A.2d 1137 (1987).